REZUK DAVID *vs.* SAMAN HANNA.

NOVEMBER 29, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   This action in assumpsit was tried in the superior court before a jury which returned a verdict for the plaintiff in the sum of $570.  Thereafter the defendant's motion for a new trial was heard and denied by the trial justice.  The case is now before this court on the defendant's bill of exceptions containing exceptions taken by him to rulings of the trial justice made during the trial, to the latter's refusal to charge the jury as requested by the defendant and to the refusal of the trial justice to grant the motion for a new trial.

The present action was brought for the purpose of recovering from the defendant the sum of $300 with interest, which sum the plaintiff alleges he paid out at the instance and request of the defendant and for his benefit.  The latter denies that he authorized the plaintiff to advance or pay out the amount in dispute or that it is owed the plaintiff by him.

It appears from the evidence, which is largely undisputed, that the defendant with his wife and children arrived by steamship in Providence as immigrants from Egypt.  Some difficulty was experienced in having two of their children admitted to this country because they were afflicted with trachoma, which if not corrected would cause them to be deported.  The plaintiff, who lived in Central Falls and apparently was distantly related to the defendant, heard from a connection of the defendant's wife of their arrival in Providence.  On the day following their landing the plaintiff went to the steamship pier in Providence and talked with the defendant and with others, one of whom was an attorney-

at-law, concerning the status of the two children, who were being detained by the immigration authorities.

Thereafter on the same day the plaintiff turned over to the attorney $700 through the medium of two checks, one for $400, and the other for $300. The attorney at once telegraphed $400 to the immigration authorities in Boston, to which place the children had been taken, which money was to be used for their treatment and care, in an attempt to cure them of trachoma and, if possible, prevent their deportation. The sum of $300 was retained by the attorney as his fee for services to be performed in taking the matter up with the proper federal authorities, to the end that the two children might eventually be admitted to this country. The attorney did perform certain services in this connection and ultimately both children were, after being treated in Boston and apparently cured of the trachoma, admitted and allowed to join the defendant and his wife.

The evidence also shows that when the defendant arrived in Providence he had considerable money with him, but it is not clear that any of it was available in currency of this country. About two months following his arrival the defendant, after demands made upon him by the plaintiff for the repayment of the said $700, did return to the plaintiff the sum of $400, together with money to cover the expenses incurred by the attorney in telegraphing such sum to Boston. The defendant makes no claim that he ever paid the remaining $300 to the plaintiff. Approximately five months after landing in Providence the defendant purchased the plaintiff's house in Central Falls, giving the latter, as partial payment, a purchase money mortgage thereon for $400, which mortgage the defendant subsequently paid.

The defendant's first ten exceptions relate to rulings made by the trial justice in admitting or rejecting evidence offered and in refusing to strike certain evidence from the record. The first and sixth exceptions have been examined and found to be without merit. They do not require detailed

discussion. The second and seventh exceptions may be considered together, as they relate to the same general question. The record shows that the defendant and his wife were asked to state what the immigration commissioner said in the plaintiff's presence in Boston during a conversation held several weeks after the defendant and his family had landed in Providence. It is obvious from the context and from the answers appearing in the transcript of the evidence that the defendant was seeking to show that it had not been necessary for him to employ an attorney in the attempt to have the children admitted to this country. In our opinion the ruling of the trial justice excluding such testimony was correct, since it raised an immaterial issue, the only pertinent question in the case being whether or not the defendant had authorized the plaintiff to pay out and advance the money involved herein on the defendant's behalf and on his promise to repay the plaintiff. For this same reason the defendant takes nothing by his fifth exception, which relates to a similar question asked by him of a different witness.

By his third exception the defendant objects to the ruling out of the following question asked him: "Now, do you owe the plaintiff anything?" In form this question was very broad and might well have covered matters not involved in the instant case. However, assuming that the question was admissible, our examination of the entire transcript leads us to the conclusion that the exclusion of the question by the trial justice was harmless and did not prejudice the defendant. He was in no way prevented from introducing before the jury in his defense any proper evidence material to the issues involved.

In addition, we find that the ruling of the trial justice on the defendant's fourth exception was correct. The reasonableness of the attorney's fee was not in question, and the defendant's offer of proof that a law fixed at $10 the fee of an attorney representing an alien applying for admission to this country was properly excluded as immaterial and ir-

relevant to the issues raised herein. In our judgment, also, the defendant takes nothing by his eighth exception. In this connection he argues that a certain question asked the attorney, who was called by the plaintiff as a witness in rebuttal, was leading and not strictly in rebuttal of the defendant's evidence. The matter raised by the question was competent, and the trial justice under such circumstances was vested with a reasonable discretion in ruling on the admission or rejection of the evidence offered. We find, upon examining the transcript, that in making the ruling now under consideration the trial justice was not guilty of any abuse of discretion.

In cross-examining the attorney in question the defendant brought out that said attorney had conversed with the defendant through an interpreter. The defendant then moved that all of the testimony of the attorney relating to the business transacted and the conversations held between the witness and the defendant at that time, and in particular the answer to one question, be struck from the record. The trial justice denied the motion and this ruling forms the basis of the defendant's ninth and tenth exceptions. An examination of the transcript reveals that in testifying the attorney related only what took place at the meeting between the witness, the plaintiff, the defendant, his wife and the interpreter. The attorney made no attempt to repeat any language used by the defendant through the interpreter. In this respect the situation in the present case is distinguishable from that appearing in cases relied on by the defendant. Further, the interpreter was a witness for the plaintiff and testified without objection as to what took place and what was said at the meeting in question. In view of all the circumstances appearing in the record before us, we find that the ruling of the trial justice in this connection was not prejudicial error. Defendant's exceptions numbered one to ten inclusive are, therefore, overruled.

The defendant's eleventh exception was taken to the refusal of the trial justice to charge the jury as follows:

"Assuming that there was a dispute between the plaintiff and the defendant at the time of the payment of the $404.50 by the defendant to the plaintiff, the payment of the $404.50 and the receipt thereof by the plaintiff would be in satisfaction of the claim for $704.50." In our opinion the ruling of the trial justice on this point was correct. An examination of the evidence herein discloses little or no basis upon which to predicate a charge relating to accord and satisfaction. However, assuming that a charge of that nature was proper under the evidence in the case, unquestionably the one requested by the defendant went too far. It was equivalent to a direction by the court that the payment by the defendant to the plaintiff of $404.50 amounted to an accord and satisfaction of the latter's whole claim. The evidence in the case did not justify any such charge. If one on this issue was required at all, it should have been so drawn that it left to the jury's determination, on all the evidence, the question of whether or not as a fact any accord and satisfaction had actually been arrived at by the parties. The defendant's eleventh exception is overruled.

The remaining exception is to the refusal of the trial justice to grant the defendant's motion for a new trial. The principal issue in the case was whether or not the plaintiff was authorized by the defendant to pay for him and on his behalf the $300 in question as a fee to the attorney with the understanding that the defendant would later repay the plaintiff such sum. To support their respective contentions each party presented for the jury's consideration the testimony of several witnesses. The sharply conflicting evidence, together with all the facts and circumstances surrounding the transaction and the actions of the parties themselves in connection therewith, raised issues for the jury to pass upon. They decided these issues in the plaintiff's favor and their verdict has been approved by the trial justice in a written rescript. After

examining the evidence in the case, we cannot say that the trial justice was clearly wrong in refusing to grant the defendant's motion for a new trial. His exception to this action of the trial justice, is therefore, overruled.

When the instant case was argued in this court the plaintiff filed a motion that he be allowed to increase the *ad damnum* in his writ from $500, as now appears therein, to $900. This matter was not brought to the attention of the superior court but was, for the first time, raised in this court in the manner and at the time above indicated. A question relating to the right of a plaintiff to increase the *ad damnum* in his writ was before us and was fully discussed in the recent case of *Rhode Island Hospital Trust Co.* v. *Sherman,* 56 R. I. 355. It is settled in this state that it is not a ground for a new trial that a verdict has been returned for a sum greater than the *ad damnum* set out in the plaintiff's writ, but that an adjustment must be made by ordering the excess remitted and entering judgment for the amount of the *ad damnum.* *Francis* v. *Baker,* 11 R. I. 103. It has also been decided by this court that a motion such as the plaintiff has filed herein should not be entertained at such a late stage of the proceedings when the case is before this court on exceptions. *J. P. Morgan Co.* v. *Hall & Lyon Co.,* 83 A. (R. I.) 401.

The plaintiff contends that special facts and circumstances appearing from the record in the present case differentiates it from the case last cited and prevents the rule laid down therein from applying here. We are unable to agree with the plaintiff in this contention. In our opinion the plaintiff's motion now before us was filed too late and its disposition is controlled by the law as set out in the case of *J. P. Morgan Co.* v. *Hall & Lyon Co., supra.* The plaintiff's motion to increase the *ad damnum* in his writ is, therefore, denied, and so much of the plaintiff's verdict as is in excess of the *ad damnum* of $500 appearing in his writ is ordered remitted.

For the reasons above stated, all of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment for the plaintiff in the sum of $500, as of the date of the verdict.

*Henry E. Crowe, Thomas Hetherington,* for plaintiff.
*Bellin, Levin & Alprin, Frank H. Bellin,* for defendant.