### Clarence YOUNG, Plaintiff,

v.

### CHUBB GROUP OF INSURANCE COMPANIES, Defendant.

### No. 3:03 CV 7301.

United States District Court,
N.D. Ohio,
Western Division.

Dec. 15, 2003.

Dennis M. Keil, Camick & Keil, John V. Kean, Toledo, OH, for Plaintiffs.

Daniel F. Gourash, Howard G. Strain, Robert D. Anderle, Porter, Wright, Morris & Arthur, Cleveland, OH, for Defendant.

## MEMORANDUM OPINION

KATZ, Judge.

Pending before the Court is Plaintiff's motion for remand, and for costs and fees (Doc. No. 5) as to which Defendant has filed an opposition thereto (Doc. No. 9). For the reasons stated below, Plaintiff's motion will be denied.[1]

### I. BACKGROUND

This action arises as a *Scott–Pontzer*[2] action in which Plaintiffs seek uninsured/underinsured motorist ("UM/UIM") coverage under insurance policies issued by Defendant insurance companies. This Court previously remanded this action after determining that the direct action proviso of 28 U.S.C. § 1332(c) destroyed diversity jurisdiction. After that ruling, on May 19, 2003, the Sixth Circuit issued its opinion in *Lee–Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898 (6th Cir.2003), in which it determined that *Scott–Pontzer* actions do not fall within the ambit of the direct action proviso. Based on *Lee–Lipstreu*, on June 18, 2003, Defendant Federal Insurance Company ("Federal") re-removed this action to federal court, and Plaintiff Clarence Young ("Young") then filed a motion for remand on August 22, 2003.

### II. DISCUSSION

Plaintiff argues that Defendant's re-removal is improper as it did not take place within thirty (30) days of the original complaint, and *Lee-Lipstreu* is an unrelated case that does not constitute an "order or other paper" within the ambit of 28 U.S.C. § 1446(b). Initially, the Court observes that Young waived his right to challenge the timeliness of Defendant's re-removal because his motion for remand was filed more than thirty (30) days after the filing of Federal's Notice of Removal. *See* 28 U.S.C. § 1447(c); *Wisconsin Dep't. of Corrections v. Schacht*, 524 U.S. 381, 392, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998).

Moreover, Plaintiff's argument that *Lee–Lipstreu* is an unrelated case that does not provide the basis for Federal to re-remove this matter pursuant to 28 U.S.C. § 1446(b) is without merit. 28 U.S.C. § 1446(b) provides:

> The notice of removal ... shall be filed within thirty days after the receipt by

---

1. Subsequent to Plaintiff's motion for remand, and for costs and fees, the Court issued a Show Cause Order (Doc. No. 6). The Court withdraws that Order. Thus, the Court construes Defendant's opposition to Plaintiff's motion, which also responded to the Court's Order, to address Plaintiff's motion for remand only.

2. *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (Ohio 1999). Now in large part overruled, *see Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 797 N.E.2d 1256 (2003), *Scott–Pontzer* stood for the proposition that an employee may recover under the uninsured/underinsured motorist ("UM/UIM") coverage of his employer's commercial automobile liability policy, even though the employee was not acting in the scope of employment at the time of his accident. In so ruling, the Ohio Supreme Court found vague the term "you" set forth in the policy's definition of an "insured." The court reasoned that "you" would be nonsensical if applied only to the named corporation, and thus the court extended coverage to the corporation's employees.

the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

■ Courts generally construe this statute strictly in favor of state court jurisdiction and resolve all doubts in favor of remand. *See Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir.1999). "However, while the removal requirements are strictly applied, they should also be given practical effect in accordance with the statute's apparent intent." *Standifird v. Town of Boxborough,* No. 00–1386, 2000 WL 1530885, at *1 (1st Cir. Oct. 16, 2000), 2000 U.S.App. LEXIS 25706, at *2 (citing *Hendrix v. New Amsterdam Cas. Co.,* 390 F.2d 299, 301–302 (10th Cir.1968); *McGuigan v. Roberts,* 170 F.Supp. 372, 373–374 (S.D.N.Y.1959)); *see also Shelton v. City of Hartford,* No. 98CV2393, 1999 WL 200695, at *1 (D.Conn. Feb. 23, 1999), 1999 U.S. Dist. LEXIS 4875, at *2. The party seeking removal bears the burden of establishing that removal is proper. *See Her Majesty the Queen in Right of the Province of*

*Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989).

■ Young maintains that a majority of courts have concluded that court decisions in unrelated cases do not constitute an "order or other paper." *See, e.g., Kocaj v. Chrysler Corp.,* 794 F.Supp. 234, 236–37 (E.D.Mich.1992); *Klink v. Metavante Corp.,* No. 02–73360, 2002 WL 31962610, at *2 (E.D.Mich. Dec.16, 2002), 2002 U.S. Dist. LEXIS 25410, at *5 (collecting cases); *Morsani v. Major League Baseball,* 79 F.Supp.2d 1331, 1333–34 (M.D.Fla. 1999) (collecting cases). Defendant, however, persuasively asserts that under the circumstances of this case the Sixth Circuit's decision in *Lee–Lipstreu* constitutes an "order" giving rise to its right to re-remove. A court decision in a different case that is sufficiently related to that currently at issue constitutes an "order" that "trigger[s] Section 1446(b) removability." *Doe v. Am. Red Cross,* 14 F.3d 196, 202–03 (3d Cir.1993). *See also Green v. R.J. Reynolds Tobacco Co.,* 274 F.3d 263, 267–68 (5th Cir.2001). A decision "from a court superior in the same judicial hierarchy, [ ] directed at a particular defendant and expressly authoriz[ing] that same defendant to remove an action against it in another case involving similar facts and legal issues" is sufficiently related to represent an "order" within the ambit of 28 U.S.C. § 1446(b). *Doe,* 14 F.3d at 203. *See also Green,* 274 F.3d at 267–68.

■ Here, the Court finds that *Lee–Lipstreu* is sufficiently related to the case *sub judice* to allow Federal to re-remove. Federal was the defendant in *Lee–Lipstreu.* Moreover, both *Lee–Lipstreu* and the instant matter involve similar facts and legal issues regarding the removability of *Scott–Pontzer* actions. Accordingly, Young's motion for remand is denied. As a consequence, Young's motion for reasonable attorneys fees and costs due to Defen-

dant's purported improper re-removal is also denied. *See* 28 U.S.C. § 1447(c); *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 239–40 (6th Cir.1993).

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion for remand, and costs and fees (Doc. No. 5) is denied. The Court, however, stays this matter pending the outcome of a motion to reconsider *Galatis* now before the Ohio Supreme Court. Defendant shall file a written status report within ten (10) days after the Ohio Supreme Court's disposition of said motion.

IT IS SO ORDERED.

## JUDGMENT ENTRY

For the reasons stated in the Memorandum Opinion filed contemporaneously with this entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Plaintiff's motion for remand, fees and costs (Doc. No. 5) is denied.

FURTHER ORDERED that the Court's Show Cause Order (Doc. No. 6) is withdrawn.

FURTHER ORDERED that the case is stayed pending the outcome of a motion to reconsider *Galatis* now before the Ohio Supreme Court. Defendant shall file a written status report within ten (10) days after the Ohio Supreme Court's disposition of said motion.