**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1229
_____

A.S., a Minor, by Sallee Miller, Guardian;
SALLEE MILLER, Individually,
Appellants

v.

SMITHKLINE BEECHAM CORP, d/b/a GlaxoSmithKline

_____

APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 1-13-cv-02382)
District Judge: Honorable Christopher C. Conner
_____

Argued: September 10, 2014
_____

Before:  SMITH, SHWARTZ, and ROTH, <u>Circuit Judges</u>

(Filed: October 9, 2014)

Howard J. Bashman, Esq.   [ARGUED]
Suite G-22
2300 Computer Avenue
Willow Grove, PA 19090
        *Counsel for Appellants*

Lisa S. Blatt, Esq.     [ARGUED]
Sarah M. Harris, Esq.
R. Stanton Jones, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004

Andrew T. Bayman, Esq.
Robert K. Woo, Jr., Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309

Jeffrey S. Bucholtz, Esq.
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006

Joseph E. O'Neil, Esq.
Lavin, O'Neil, Ricci, Cedrone & DiSipio
190 North Independence Mall West
Suite 500
Philadelphia, PA 19106
        *Counsel for Appellee*

SHWARTZ, Circuit Judge.

A.S. and Sallee Miller ("Plaintiffs") filed suit in Pennsylvania state court against GlaxoSmithKline LLC ("GSK") claiming that its drug, Paxil, caused birth defects. GSK removed the case to the United States District Court for the Eastern District of Pennsylvania. The District Court[1] remanded the case, finding that GSK was a citizen of Pennsylvania and therefore ineligible to remove the case. After remand, our Court decided Johnson v. SmithKline Beecham Corp., 724 F.3d 337 (3d Cir. 2013), in which we held that GSK was a citizen of Delaware. Within thirty days of our decision, GSK re-removed the case. This time, the District Court denied the motion to remand and certified its order for interlocutory review pursuant to 28 U.S.C. § 1292(b) to allow this Court to determine the propriety of re-removal. For the reasons set forth herein, we hold that the second removal was untimely, and we will reverse the order denying remand and direct that the District Court remand this case to state court.

I

On September 30, 2011, A.S., who suffers from a congenital birth defect, and his mother, Sallee Miller, who

---

[1] Several district court judges entered orders in this case. We will refer to the judges collectively as the "District Court."

ingested Paxil while pregnant, sued GSK in the Philadelphia County Court of Common Pleas.  App. 82-84.  The complaint alleged that all parties were citizens of Pennsylvania.  App. 53, 84-85.  GSK removed the case within thirty days of receipt of the complaint based upon diversity.  On Plaintiffs' motion, the case was consolidated with a number of other Paxil cases before a district court judge who had previously held that GSK was a citizen of Pennsylvania.  Consistent with that holding, the District Court remanded this case along with the other consolidated cases to state court, holding that GSK was a citizen of Pennsylvania and could not remove a case from Pennsylvania state court to federal court.  Patton ex rel. Daniels-Patton v. SmithKline Beecham Corp., CIV.A. 11-5965, 2011 WL 6210724, at *5 (E.D. Pa. Dec. 14, 2011).  The same judge also issued an opinion identical to Patton in Maldonado ex rel. Maldonado v. SmithKline Beecham Corp., 841 F. Supp. 2d 890 (E.D. Pa. 2011), which remanded twenty-one other Paxil cases to state court.  This case returned to state court on January 4, 2012.  A.S. v. SmithKline Beecham Corp., 2:11-cv-6641 (E.D. Pa. Jan. 4, 2012).

On June 7, 2013, this Court issued Johnson, which held that GSK was a citizen of Delaware.  Johnson, 724 F.3d at 360.  In reaching that holding, this Court explicitly rejected the reasoning in Patton, Maldonado, and the District Court's similar decision in  Brewer v. SmithKline Beacham Corp., 774 F. Supp. 2d 720, 722 (E.D. Pa. 2011).

Less than thirty days after the Johnson decision, GSK filed a second notice of removal in this case and in eight other cases with the same procedural posture.  App. 29-48.  The various plaintiffs filed motions to remand, arguing that the

4

removal was untimely. App. 319. These motions yielded inconsistent opinions. The first case holding that removal was proper was Guddeck v. SmithKline Beecham Corp., 957 F. Supp. 2d 622 (E.D. Pa. 2013). In Guddeck, the District Court noted that there was "no dispute that the parties are of diverse citizenship" after Johnson, that the amount-in-controversy requirement was satisfied, and that GSK was not an in-state defendant. Id. at 623. Guddeck also held that Johnson established that the case was "erroneously remanded" after the first removal, Johnson "provided a new and different ground for a second notice of removal," and GSK's second "removal notice [was] simply effectuating what was a timely and proper first removal." Id. at 625-26. The District Court in this case adopted Guddeck's reasoning and denied Plaintiffs' motion to remand. App. 2-3.

After the rulings in Guddeck and this case, more judges in the Eastern District weighed in. One denied remand in two of the nine cases presenting the same issue, relying on the reasoning in Guddeck. See M.N. v. SmithKline Beecham Corp., No. 2:13-cv-3695-RB, Dkt. 17 (E.D. Pa. Aug. 7, 2013); I.C. v. SmithKline Beecham Corp., No. 2:13-cv-3681-RB, Dkt. 22 (E.D. Pa. Aug. 9, 2013). Two judges disagreed and granted the motions to remand. See Cammarota ex rel. Hallock v. SmithKline Beecham Corp., CIV.A. 13-3677, 2013 WL 4787305 (E.D. Pa. Sept. 9, 2013), reconsideration denied, CIV.A. 13-3677, 2013 WL 6632523 (E.D. Pa. Dec. 16, 2013); Powell ex rel. Powell v. SmithKline Beecham Corp., CIV.A. 13-3693, 2013 WL 5377852 (E.D. Pa. Sept. 26, 2013).

After the District Court denied remand, this case was transferred to the Middle District of Pennsylvania, where

5

Plaintiffs filed a motion to certify for interlocutory appeal the following question: whether a defendant may remove a case a second time based on diversity jurisdiction more than one year after the commencement of the case? App. 4. The District Court certified the question for appeal, which this Court accepted pursuant to 28 U.S.C. § 1292(b).

II

This Court has jurisdiction to address not only the certified question but "any issue fairly included within the certified order," Johnson, 724 F.3d at 345 (internal citations and quotation marks omitted), and "may consider all grounds that might require reversal of the order from which the parties appeal." Doe v. Am. Red Cross, 14 F.3d 196, 199 (3d Cir. 1993). Thus, this interlocutory appeal requires this Court to determine whether removal was proper and whether the order denying remand was correct. As this appeal raises only legal issues, our review is de novo. Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account, 618 F.3d 277, 287 (3d Cir. 2010).

III

We will first review the removal provisions at issue. Under 28 U.S.C. § 1441(a), defendants may generally remove civil actions from state court to federal district court so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it.[2]

---

[2] Section 1441(a) provides:

6

When a case is removable under § 1441(a), and a plaintiff seeks remand, the plaintiff must identify a provision that prohibits removal. Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 695-96 (2003). "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

Plaintiffs contend that GSK's most recent removal did not comply with the time limits for removal set forth in 28 U.S.C. § 1446(b).[3] Section 1446(b) contains two paragraphs, the first of which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or

---

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

[3] Because this case was commenced in 2011, all citations to § 1446 are to the version in effect during 2011. Section 1446(b) was amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011. The amended version applies to cases commenced after January 6, 2012.

7

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  The second paragraph is an exception to the first paragraph.  Id.  It provides:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of [diversity jurisdiction] more than 1 year after commencement of the action.

Id.

Plaintiffs also claim that the order denying remand violated 28 U.S.C. § 1447(d).  That section provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d).  Though the statutory text is ostensibly broad in scope, the Supreme Court has not read it literally.  It has held that § 1447(d) only bars review of orders that remand cases pursuant to § 1447(c), which addresses remand

8

based upon a lack of subject matter jurisdiction or a defect in the removal process. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996) ("[O]nly remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." (quotation marks omitted)); see also Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 126 (3d Cir. 1998) ("Section 1447(c) provides for remand on the basis of either a procedural defect or lack of jurisdiction . . . ."). If remand was based on either of those grounds, then review of the order is barred under § 1447(d). Agostini v. Piper Aircraft Corp., 729 F.3d 350, 356 (3d Cir. 2013).

For the reasons set forth herein, GSK's re-removal is prohibited by § 1446(b) and remand is required.

A

GSK argues that § 1446(b)'s first paragraph does not bar its second removal because it does "not impose any time limits on successive removals." GSK Br. 17. While the first paragraph does not explicitly mention successive removals, as GSK notes, it also does not explicitly mention first removals. Instead, it uses the general term "[t]he notice of removal," meaning the notice of removal by which the case came before the district court, and it is clear that this notice of removal must be filed within thirty days of receipt of the initial pleading. 28 U.S.C. § 1446(b). Thus, although paragraph one does not expressly forbid successive removals,[4] it does

---

[4] See Brown v. Jevic, 575 F.3d 322, 328 (3d Cir. 2009) ("The removal statute does not categorically prohibit the filing of a second removal petition following remand." (quotation marks and citations omitted)).

9

expressly forbid untimely removals. Here, the relevant notice of removal was untimely: it was filed over a year and a half after GSK was served with the initial pleading, namely the state court complaint. App. 31, 46-47. Because GSK's second removal occurred more than thirty days after its receipt of the initial pleading, it did not comply with the first paragraph and GSK cannot remove on that basis.

B

The second paragraph does not relieve GSK of the first paragraph's bar. It is an exception to the thirty-day time limit in the first paragraph. This paragraph sets a separate thirty-day time limit that applies when: (1) "the case stated by the initial pleading is not removable" and (2) the defendant receives "an amended pleading, motion, order or other paper" (3) from which "it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). In diversity cases, the second paragraph has a fourth requirement: removal may not occur "more than 1 year after the commencement of the action." Id. We will address the relevant requirements in turn.

1

Even assuming the case stated by the initial pleading was not removable, GSK also cannot rely on the second paragraph because there was no "amended pleading, motion, order or other paper" to trigger its thirty-day time limit. In general, the terms "amended pleading, motion, order or other paper" only "address[] developments within a case" and, therefore, court decisions in different cases do not count as an "order." Dahl v. R. J. Reynolds Tobacco Co., 478 F.3d 965,

10

969 (8th Cir. 2007); see also Green v. R.J. Reynolds Tobacco Co., 274 F.3d 263, 266-67 (5th Cir. 2001) (collecting cases). This is because: (1) "[i]f Congress had intended new developments in the law to trigger the recommencement of the thirty day time limit, it could have easily added language making it clear that § 1446(b) was not only addressing developments within a case" and (2) the fact that the documents are "listed in a logical sequence in the development of an individual case" makes it "an unsupported stretch to interpret 'order' to include a decision in a separate case with different parties." Dahl, 478 F.3d at 969.

Our Court has recognized a narrow exception to the general rule that orders issued in other cases do not qualify as a § 1446(b) "order." In Doe v. American Red Cross, the Red Cross removed a case on the ground that its Congressional charter conferred federal question jurisdiction. 14 F.3d at 197-99. The district court disagreed and remanded the case. Id. at 199. Next, the Supreme Court decided S.G. v. American National Red Cross, 505 U.S. 247 (1992), which held that the Red Cross's charter conferred federal question jurisdiction and gave the "specific and unequivocal direction that the Red Cross [was] 'thereby authorized to removal from state to federal court of any state-law action it is defending.'" Doe, 14 F.3d at 201 (quoting S.G., 505 U.S. at 248)).

The Red Cross re-removed the case within thirty days of S.G. and plaintiffs moved to remand, arguing, among other things, that S.G. was not an "order" under § 1446(b)'s second paragraph. The Doe Court disagreed, holding that S.G. was an "order," but it included an important qualification. To qualify as an "order" under § 1446(b), a court decision in another case "must be sufficiently related to a pending case,"

11

meaning that: (1) "the order in the case came from a court superior in the same judicial hierarchy"; (2) "was directed at a particular defendant"; and (3) "expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues." Id. at 202-03. It was this last requirement that made S.G. "unique." Id. According to Doe, S.G. was not "simply . . . an order emanating from an unrelated action." Id. at 202. Rather, it was "an unequivocal order directed to a party to the pending litigation, explicitly authorizing it to remove any cases it is defending." Id.

Johnson is no S.G. Johnson rejected the reasoning that led to the remand of this case, as it held that GSK is a Delaware citizen, but it did not include the explicit authorization to remove other pending cases. Put simply, "Johnson . . . merely affirmed" an "[order denying] remand in the case before it." Powell, 2013 WL 5377852, at *4. Accordingly, Johnson does not qualify as an "order" under Doe.

In an attempt to extend Doe, GSK cites to a pair of non-binding cases for the proposition that this Court can ignore Doe's third requirement. See Green, 274 F.3d 263; Young v. Chubb Grp. of Ins. Comp., 295 F. Supp. 2d 806 (N.D. Ohio 2003). These courts held that a decision in another case qualified as an "order" under § 1446(b) even though the decision did "not explicitly discuss removal," much less specifically authorize removal in pending cases. Green, 274 F.3d at 268; see Young, 295 F. Supp. 2d at 808. In effect, GSK wants this Court to rely on these cases and hold that any subsequent decision involving the same

12

defendant impacting removability is an "order" under § 1446(b).

Our binding precedent in Doe made clear, however, that its ruling was narrow and meant to apply in "unique circumstances," namely compliance with a higher court's holding that explicitly authorized a particular party to remove all of its pending cases to federal court. Doe, 14 F.3d at 202-03. To treat all subsequent decisions involving the same defendant as part of a specific pending case would move the Doe rule from the "unique" to the typical.

Moreover, if a party in a pending case could re-remove each time it received a favorable ruling in another case, re-removal could be a means to disrupt the proceedings in the pending case. Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962, 965 (7th Cir. 1982) (noting that one of the purposes of removal time limits is "prevent[ing] the delay and waste of resources involved in starting a case over in a second court after significant proceedings . . . may have taken place in the first court"). For these reasons, Doe is appropriately limited to the "unique circumstances" that arose in that case and we decline to expand the definition of "order" to include orders entered in any case involving the same defendant.[5]

Because Johnson did not explicitly direct removal of all cases involving GSK, but only affirmed the order denying

---

[5] This conclusion is consistent with our precedent that removal statutes are to be strictly construed against removal. See, e.g., Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).

13

remand of the case, it is not an "order" that triggers a new thirty-day time period to remove Plaintiffs' case. For this additional reason, the second paragraph of § 1446(b) does not provide a basis for removal.

2

GSK is also barred from removal based upon the second paragraph's one-year limitation, which prohibits removal of diversity cases more than one year after the case commences. Here, the case commenced on September 30, 2011, and the notice of removal at issue was filed on June 26, 2013, more than a year and a half later. App. 18-19.

This one-year time limit is procedural, not jurisdictional. Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 616 (3d Cir. 2003). For that reason, the time limit may be equitably tolled in certain circumstances. See Tedford v. Warner–Lambert Co., 327 F.3d 423, 428-29 (5th Cir. 2003) (recognizing equitable tolling exception to the one-year removal limitation); Podobnik v. U.S. Postal Serv., 409 F.3d 584, 591 (3d Cir. 2005) (holding that a non-jurisdictional time limitation "may be modified by equitable concerns, such as tolling").

Equitable tolling is not warranted in this case. Cases involving equitable tolling of the one-year time limit often focus on intentional misconduct by the plaintiff. See e.g., Tedford, 327 F.3d at 428-29 ("Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended."); Namey v. Malcolm,

14

534 F. Supp. 2d 494, 499 (M.D. Pa. 2008) (holding that equitable exception to one-year limitation did not apply because "Defendants have not met their burden of demonstrating sufficient culpability on the part of Plaintiffs"). At the time this case was commenced, equitable tolling also may have been proper for reasons other than party misconduct.[6]  See Vogel v. U.S. Office Prods. Co., 56 F. Supp. 2d 859, 865 (W.D. Mich. 1999) (equitably tolling first paragraph's thirty-day time limit to allow re-removal where initial removal notice "simply disappeared," even though plaintiffs had not "engaged in behavior which might estop them from pursuit of remand"), rev'd on other grounds, 258 F.3d 509 (6th Cir. 2001).

While the contours of equitable tolling vary from context to context, this Court and the Supreme Court have held that equitable tolling may be appropriate if a litigant can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (habeas case); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387, 1390 (3d Cir. 1994) (holding time limit to file an EEOC charge may be tolled "where the plaintiff in some extraordinary way has been prevented from asserting his or her rights" but noting that a "plaintiff who fails to exercise this reasonable diligence may lose the benefit of [equitable tolling]").

---

[6] The current version of § 1446 specifically states that a diversity case cannot be removed "more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C.§ 1446 (c)(1).

15

GSK argues that "extraordinary circumstances thwarted [its] initial removal." GSK Br. 36. According to GSK, the "extraordinary circumstances" were: (1) that the remand proceedings were consolidated before a judge who had previously held that GSK was a citizen of Pennsylvania and therefore was likely to find that remand was proper; and (2) that the District Court erroneously remanded the case.

Neither is an "extraordinary circumstance." Section 137 of Title 28 provides that "[t]he business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court." This statute "vests the district court with broad discretion in assigning court business to individual judges." United States v. Diaz, 189 F.3d 1239, 1243 (10th Cir. 1999). Simply put, under that statute, litigants "do[ ] not have a right to have [their] case heard by a particular judge," have "no right to any particular procedure for the selection of the judge," and "do[ ] not enjoy the right to have the judge selected by a random draw." United States v. Pearson, 203 F.3d 1243, 1256 (10th Cir. 2000) (citations and alteration omitted) (collecting cases). Moreover, under Federal Rule of Civil Procedure 42(a), district courts have "broad power" to consolidate cases that share "common question[s] of law or fact." Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc., 339 F.2d 673, 675 (3d Cir. 1964); see also United States v. Schiff, 602 F.3d 152, 176 (3d Cir. 2010) (holding that a district court has "broad discretion in its rulings concerning case management").

Applying these principles here, it is clear that GSK had no right to have its motion decided by a particular judge nor was it prejudiced by the assignment of this case to a judge

16

who ruled against it. The decision to consolidate the nearly-identical cases before a judge familiar with the relevant issues was a proper exercise of the District Court's broad discretion. There was nothing "extraordinary" about the decision to consolidate the cases.

Furthermore, although the original remand decision was wrong, an erroneous remand is not an "extraordinary circumstance." In fact, § 1447(d)'s prohibition on review of remand orders "contemplates that district courts may err in remanding cases." Feidt, 153 F.3d at 128. A circumstance expressly "contemplate[d]" by the statutory scheme is not extraordinary, but is expected. Id. Moreover, as one district court has persuasively observed, subsequent legal developments "are precisely the sort of events that § 1446(b)'s one-year limitations period is designed to preclude" from disrupting a pending case. Williams v. Nat'l Heritage Realty Inc., 489 F. Supp. 2d 595, 597 (N.D. Miss. 2007). Otherwise, "removal issues would be subject to constant re-litigation" as the law develops. Id.

For these reasons, GSK is not entitled to equitable tolling.

## C

GSK's final argument is that its second notice of removal should "relate back" to the first notice of removal. To assess this argument, we must first identify the source of a court's authority to relate back in this context. GSK relies on Federal Rule of Civil Procedure 15(c). Rule 15, however, only applies to an "amendment to a pleading." Fed. R. Civ. P. 15(c). Rule 7(a) lists the types of "pleadings" and a notice of

removal is not among them. See Fed. R. Civ. P. 7(a). Therefore, any relation back in this case must be justified—if at all—under a court's equitable powers. See Scarborough v. Principi, 541 U.S. 401, 417-18 (2004) (noting that "relation back" is an equitable doctrine that can apply outside of Rule 15 context).

GSK argues that this case "warrants the exercise of those equitable powers." GSK Br. 30. The reasons GSK gives in favor of equitable relation back simply rehash its arguments for equitable tolling and for the same reasons, they fail. Neither the fact that a particular judge was assigned to the case nor the error in remanding the case provide a basis for equitable relief.

An additional reason dictates that the second notice of removal does not relate back to the first notice of removal. By the time GSK filed its second notice of removal, a final order remanding the action had been filed and the case was sent to the state court. As a result, there was nothing pending in the federal court to which the second notice could relate. This distinguishes the present case with those that GSK cites as supporting relation back, such as USX Corp. v. Adriatic Insurance Co., 345 F.3d 190 (3d Cir. 2003). In USX, the defendant timely removed to federal court and the plaintiff filed a motion to remand, which the district court denied. Id. at 197. While the case was pending in federal court, the Supreme Court issued a decision that undercut the rationale for jurisdiction in the defendant's notice of removal and the plaintiff filed another motion to remand. Id. at 199-200. The defendant offered a new explanation for jurisdiction, and the district court denied remand based on the new explanation. Id. On appeal, the plaintiff argued that the defendant's new

argument was waived because it was not included in the notice of removal.  Id. at 200.  This Court held that the argument was not waived because the district court did not abuse its discretion by deeming that the new argument "amended" the notice of removal.  Id. at 204-05.  This was proper, the USX Court reasoned, because the new argument "did not add new jurisdictional facts and did not rely on a basis of jurisdiction different from that originally alleged." Id. at 205.  Instead, it only "amend[ed] the allegation [in the notice of removal] in light of an intervening clarification in the law."  Id.  For support, this Court cited cases holding that amendments to removal notices may be permitted so long as the amendments "merely clarify (or correct technical deficiencies in) the allegations already contained in the original notice."  Id. at 205 n.12.  The Court distinguished USX's situation from cases where an amendment "creat[es] an entirely new basis for jurisdiction."  Id. at 205 n.11.

There is a critical difference between this case and USX.  In this case, GSK's first notice of removal was not pending but was disposed of by a final order remanding the case to state court.  See In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 449 (3d Cir. 2000) (noting that remand orders are final orders).  That order divested the district court of jurisdiction over the case.  Hunt v. Acromed Corp., 961 F.2d 1079, 1081 (3d Cir. 1992).  There was therefore nothing for the second notice of removal to "relate back" to.  In USX, by contrast, the notice of removal was still pending and therefore there was a notice of removal to which to relate back.

Recognizing this obvious distinction, GSK argues that the initial notice does not need to be pending, but rather that only the underlying case must be pending.  For this

19

proposition, GSK cites to cases where courts allowed an amended complaint to relate back to a timely, yet dismissed complaint. These cases allowed relation back only when the complaint was dismissed without prejudice—i.e., by a non-final order.[7] See Brennan v. Kulick, 407 F.3d 603, 607 (3d Cir. 2005) (permitting amendment to dismissed complaint when dismissal was without prejudice); see also Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1025 (7th Cir. 2013) (permitting amended complaint to relate back to dismissed complaint when dismissal was without prejudice). As a result, each dismissal was "conditional" and the district court "retained jurisdiction over the case" even after dismissal. Brennan, 407 F.3d at 607. Here, the District Court's first remand order was final, not "conditional," and ended the federal case.

Moreover, once an order remanding a case is mailed to the state court, the district court loses jurisdiction and thus lacks the authority to allow the amendment of the notice of removal. In Hunt, a district court remanded a case to state court, thereby losing jurisdiction over the case. 961 F.2d at

---

[7] The one case GSK cites that involved a dismissal with prejudice does not warrant a different view. In Donnelly v. Yellow Freight Sys., Inc., 874 F.2d 402 (7th Cir. 1989), aff'd on other grounds, 494 U.S. 820 (1990), the appellate court allowed relation back to a complaint that was dismissed in state court with prejudice. Id. at 410 n.11. The appellate court treated the order as being without prejudice and allowed relation back, concluding that the state order "utterly makes no sense" because (1) it should have been a dismissal without prejudice and (2) another state court order implied that the plaintiff could amend her complaint. Id. at 410 & n.11.

1081. After remand, the defendant filed a motion to amend its notice of removal, but this Court held that the motion to amend was "too late" since the district court no longer had jurisdiction over the case. Id. at 1082. The Hunt Court noted that this result furthered "the policy underlying [§ 1447(d)]," which is "to prevent delay in the trial of remanded cases by avoiding protracted litigation of jurisdictional issues of exactly the type involved here." Id. The result should be no different here, where GSK essentially seeks to amend its first notice of removal with its second notice of removal. Allowing a second notice of removal to do what a motion could not would be an end run around both the holding in Hunt and the policy underlying § 1447(d).

For all of these reasons, GSK's second notice of removal cannot relate back to the first notice of removal.[8]

---

[8] Plaintiffs also contend that § 1447(d) is an alternative ground for reversing the District Court's denial of remand. Specifically, Plaintiffs argue that a denial of the motion to remand after the District Court had remanded the case was effectively a "review" of a remand order not permitted under § 1447(d). Doe, however, provides that re-removals on "different" grounds are not barred by § 1447(d). Doe, 14 F.3d at 200. Under Doe, "different" grounds include a citation to "a new and definitive source" of authority. Id. Johnson was such "a new and definitive source" of authority. While there are distinctions between Doe's S.G. and this case's Johnson, those distinctions are only relevant to §1446(b)'s "order" inquiry, which is distinct from § 1447(d). Put differently, Johnson's status as a non-"order" does not make it any less of "a new and definitive source" of authority. Accordingly, the second notice of removal, with its citation to

21

IV

Because GSK's second removal was untimely under § 1446(b), we will reverse and remand with instructions that the District Court remand this case to the Philadelphia County Court of Common Pleas.

---

Johnson, set forth a "different" ground as defined in Doe. Therefore, the District Court's order denying remand after it had entered an order granting remand did not run afoul of §1447(d).