**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2304
_____

RICKY EMERY KAMDEN-OUAFFO, trading as KAMDEN GROUP,
Appellant

v.

NATURASOURCE INTERNATIONAL, LLC; LASZLO POKORNY, individual and in
his capacity with NaturaSource International, LLC; HILL'S PET NUTRITION, INC., a
Delaware Corporation; COLGATE- PALMOLIVE CO.; JOHN DOES 1-10; ABC
CORP. 1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-15-cv-06290)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 12, 2017

Before:  RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed: July 21, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Ricky Kamdem-Ouaffo appeals the District Court's judgment granting attorney's fees, costs, and interest to the appellees. For the reasons set forth below, we will affirm.

In 2013, Kamdem-Ouaffo sued NaturaSource International LLC, Laszlo Pokorny (NaturaSource's sole member), Hill's Pet Nutrition, Inc., and Colgate Palmolive Co. (the parent company of Hill's) in New Jersey state court. In his complaint, Kamdem-Ouaffo raised 14 state-law claims. In June 2015, after the parties had completed discovery, the defendants moved for summary judgment. On August 14, 2015, Kamdem-Ouaffo filed a notice of removal in the United States District Court for the District of New Jersey.

On September 29, 2015, the District Court granted the defendants' motions to remand the matter to state court. On December 4, 2015, the District Court awarded attorney's fees and costs of $4,162.60 to NaturaSource and Pokorny and $10,036.24 to Hill's and Colgate. On April 12, 2016, at the defendants' request, the District Court entered amended "money judgments" in their favor. These judgments reiterated the fee awards from the District Court's previous order, but added an interest provision, stating that "[i]nterest shall accrue on the outstanding judgment amount at a rate equal to the weekly average 1-year constant maturity Treasury yield." D.C. dkt. #54. On May 6, 2016, Kamdem-Ouaffo filed a notice of appeal challenging the money judgments.

The scope of this appeal is limited. As Kamdem-Ouaffo acknowledges, because the District Court remanded the matter to state court based on a lack of subject-matter jurisdiction, this Court lacks jurisdiction to review the District Court's remand order. See

2

28 U.S.C. § 1447(d); <u>A.S. ex rel. Miller v. SmithKline Beecham Corp.</u>, 769 F.3d 204, 209 (3d Cir. 2014). Further, the District Court's December 4, 2015 order awarding attorney's fees was immediately final and appealable. <u>See</u> <u>Roxbury Condo. Ass'n, Inc. v. Anthony S. Cupo Agency</u>, 316 F.3d 224, 226 (3d Cir. 2003); <u>Mints v. Educ. Testing Serv.</u>, 99 F.3d 1253, 1257 (3d Cir. 1996). Because Kamdem-Ouaffo did not file his notice of appeal within 30 days of that order, we do not have jurisdiction to review it. <u>See</u> Fed. R. App. P. 4(a)(1)(A); <u>Bowles v. Russell</u>, 551 U.S. 205, 214 (2007).

Our jurisdiction is consequently limited to reviewing the April 12, 2016 money judgments, which are, in essence, amended judgments. However, "[t]he only issue presented by [appellant's] appeal from the court's amending order is the validity of the amendment itself." <u>Harman v. Harper</u>, 7 F.3d 1455, 1457 (9th Cir. 1993). Thus, we can review the amended order insofar as it added an award of interest, but not the award of attorney's fees and costs because Kamdem-Ouaffo could have challenged those matters by appealing the initial order. <u>See</u> <u>Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.</u>, 198 F.3d 1332, 1338 (11th Cir. 1999); <u>Buggs v. Elgin, Joliet & E. Ry. Co.</u>, 852 F.2d 318, 323 (7th Cir. 1988); <u>see also</u> 15B Charles A. Wright et al., <u>Federal Practice and Procedure</u> § 3916 (2d ed. 2017 update). Kamdem-Ouaffo has raised no challenges to this aspect of the judgment in either of his briefs. Accordingly, he has waived any argument that he could properly present. <u>See, e.g.</u>, <u>United States v. Jackson</u>, 849 F.3d 540, 555 n.13 (3d Cir. 2017).

We will therefore affirm the District Court's judgment.

3