**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1533
_____

MARY ELIZABETH BROPHY;
MARY ELIZABETH BROPHY, As the Manager Partner of and
Trading as League Street Partnership

v.

ALEXANDER BELFI,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-01488)
District Judge:  Honorable John R. Padova

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2023
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 14, 2023)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Alexander Belfi, proceeding pro se, appeals the District Court's denial of his motions under Federal Rule of Civil Procedure 60. For the following reasons, we will affirm.

Appellee Mary Brophy brought a breach-of-contract action against Belfi in the Pennsylvania Court of Common Pleas for Philadelphia County in 2017. Over a year later, Belfi filed a "Complaint" in the U.S. District Court for the Eastern District of Pennsylvania that the District Court construed as a notice of removal under 28 U.S.C. § 1441(a). Brophy filed a motion to remand to state court pursuant to § 1447(c), which the District Court granted in a memorandum and order on June 17, 2019. See ECF Nos. 16 & 17. The case proceeded to a bench trial and concluded with a judgment in favor of Brophy. See Brophy v. Belfi, No. 04000, 2019 WL 7816571, at *1 (Pa. Ct. Com. Pl. Dec. 16, 2019). Belfi's appeal from the judgment was dismissed on procedural grounds when he failed to file a required statement of issues. See Brophy v. Belfi, No. 196 EDA 2020, 2019 WL 8112839, at *4 (Pa. Ct. Com. Pl. Feb. 11, 2020).[1]

In January and February 2023, Belfi filed two motions in the District Court, seeking relief from the state court judgment and citing to Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3). The District Court denied the motions as barred by the Rooker-Feldman doctrine.[2] Belfi appeals. Both parties have filed briefs.

---

[1] These dispositions also appear in pages 71–78 of Appellant's Appendix.

[2] See generally Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's order denying the Rule 60 motions for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

The District Court properly denied Belfi's motions seeking to set aside the state court's judgment. As the District Court reasoned, a federal district court cannot overturn a state court judgment under Rule 60. Moreover, the Rooker-Feldman doctrine bars Belfi's attempt to invalidate the Court of Common Pleas' judgment, because federal district courts lack jurisdiction "over suits that are essentially appeals from state-court judgments." Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010). The Rooker-Feldman doctrine applies when four requirements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Id. at 166 (alterations in original) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Belfi's claims satisfy these four requirements; the District Court correctly dismissed his case with prejudice.[3]

Accordingly, we will affirm the District Court's judgment.

---

[3] To the extent that Belfi intended to challenge the original remand order, we would lack jurisdiction over such an appeal. See 28 U.S.C. § 1447(d); A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 209 (3d Cir. 2014) (explaining that a Court of Appeals lacks jurisdiction to review remand orders that are "based upon a lack of subject matter jurisdiction or a defect in the removal process").