**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1360
_____

BANK OF AMERICA, N.A.

v.

GEORGE ARSENIS,
                                Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:23-cv-20402)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 24, 2024

Before: SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: July 25, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In 2020, Bank of America, N.A. sued George Arsenis in the Law Division of the Superior Court of New Jersey, seeking to recover $13,051.66 in overdue payments on a revolving charge account. See ECF No. 4-1 at 4. The parties entered into a stipulated agreement, under which Arsenis agreed to pay $6500 on a monthly installment plan in consideration for the discontinuation of the suit after full payment. In July 2022, Arsenis removed the action to the United States District Court for the District of New Jersey. The District Court remanded the matter to state court, ruling, inter alia, that it lacked subject matter jurisdiction to hear the case, see Bank of America, N.A. v. Arsenis, D.N.J. Civ. No. 3:22-cv-04508 (order entered Mar. 20, 2023), and we dismissed Arsenis's subsequent appeal for lack of jurisdiction, see C.A. No. 23-1627 (order entered July 13, 2023).

On September 13, 2023, Arsenis filed another notice of removal. He claimed that his suit was "not simply a breach of contract action," but a "civil action which presents a Federal question even though the claim is actually brought pursuant to State law." ECF No. 1 at 5 & 6. He explained that The National Bank Act, 12 U.S.C. § 38, was implicated by the enforcement of the settlement agreement. See id. He asserted that removal was therefore proper under "28 U.S.C. § 1441(b)," ECF No. 1 at 6, and he also argued that matter could be removed under 28 U.S.C. § 1443 because Bank of America was "misrepresenting the enforceability of the debt," id. at 5.

On November 8, 2023, Bank of America moved to remand the action to state court, arguing, inter alia, that the notice of removal was untimely filed and that the action

2

did not raise a federal question. Arsenis opposed the motion, repeating arguments from his notice of removal and also contending that Bank of America had engaged in unfair debt collection practices in violation of 15 U.S.C. § 1692e in collecting payments under the settlement agreement. The District Court granted Bank of America's motion and remanded the matter to state court, agreeing that the motion to remand was untimely and noting a procedural defect not identified by Bank of America, namely, Arsenis's failure to comply with the relevant procedural rules for filing a removal notice. Arsenis appeals, raising, in his brief, the same arguments that he presented to the District Court.

There is a general prohibition on review of orders remanding a case to state court in 28 U.S.C. § 1447. See 28 U.S.C. § 1447(d). However, that prohibition extends only to appeals from remand orders predicated on grounds set out in 28 U.S.C. § 1447(c), namely (1) "defect[s] in the removal process" that have been identified in a timely motion to remand,[1] and (2) "lack of subject matter jurisdiction." A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 209 (3d Cir. 2014); see also Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995) (explaining that "remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)"). We have jurisdiction when a district court remands to state court on grounds not identified in § 1447(c); i.e., on any grounds other than lack of subject matter jurisdiction or removal defects presented in a timely remand motion. See Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336,

---

[1] While a motion to remand asserting lack of subject matter jurisdiction may be made at any time, a motion to remand challenging a defect in the removal process "must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

3

345 (1976); see also In re FMC, 208 F.3d 445, 448 (3d Cir. 2000) (reviewing a sua sponte remand for a procedural defect).  And, under the terms of § 1447, we also have jurisdiction to review an order remanding a case that was removed pursuant to 28 U.S.C. § 1443.  See 28 U.S.C. § 1447(d).

Not only was Arsenis's case removed in part on the basis of § 1443, cf. BP P.L.C. v. Mayor & City Council of Baltimore, 141 S. Ct. 1532, 1538 (2021) (stating that "everyone admits that the defendants' notice of removal [removed a case pursuant to § 1442] by citing § 1442 as one of its grounds for removal"), but also the District Court remanded on the basis of two procedural defects, one untimely raised by Bank of America and one raised sua sponte by the District Court.  Accordingly, we have jurisdiction over this appeal.  Our review is plenary.  See Lazorko v. Pa. Hosp., 237 F.3d 242, 247 (3d Cir. 2000).  We may affirm on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Upon review, we will affirm the District Court's order remanding Arsenis's case to state court because the District Court lacked subject matter jurisdiction over the action. A defendant may remove, to a federal district court, a civil action brought in a state court if a district court has original jurisdiction over it.  See 28 U.S.C. § 1441(a).  The question is whether "it could have been brought originally in federal court, either because the complaint raises claims arising under federal law or because it falls within the court's diversity jurisdiction." Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1748 (2019).  In this case, where diversity jurisdiction does not apply, we must determine whether the complaint, on its face, raised a federal question under 28 U.S.C. § 1331.  See

4

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); see also La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 343 (3d Cir. 1974). It did not. As Arsenis stated, the underlying lawsuit is a "claim . . . actually brought pursuant to State law." ECF No. 1 at 6. Arsenis asserts that he has federal claims arising from the enforcement of the settlement agreement, but those claims did not appear on the face of the complaint and do not change the nature of the original action.[2] Cf. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (explaining that a counterclaim cannot serve as the jurisdictional basis for removal).

Additionally, although Arsenis cited § 1443 in his removal petition, he did not present a proper basis for removal under it. See Johnson v. Mississippi, 421 U.S. 213, 219-20, 222 (1975) (discussing § 1443(1)); City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966) (considering § 1443(2)).

For these reasons, we will affirm the District Court's order remanding the case to state court.

---

[2] While Arsenis is correct that the "complete pre-emption" doctrine is an exception to well-pleaded complaint rule, see Caterpillar Inc., 482 U.S. at 393, that doctrine does not apply in his case.