**Thomas HUNT, Maria Hunt**

v.

**ACROMED CORPORATION, Appellant.**

**No. 91–1851.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
Rule 12(6) April 7, 1992.

Decided April 16, 1992.

Joseph T. Bodell, Jr., Louis A. Bove, Swartz, Campbell & Detweiler, Philadelphia, Pa., for appellant.

Mark J. LeWinter, Mamuth & LeWinter, Philadelphia, Pa., for appellees.

Before: GREENBERG and SCIRICA, Circuit Judges, and DEBEVOISE, District Judge *.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Appellant Acromed Corporation appeals from an order entered on September 4, 1991, denying its motion to amend its notice of removal of this action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania. The district court denied the motion on the ground that it lacked jurisdiction and, as we agree, we will dismiss the appeal.

The facts of the case are not in dispute. The appellees, Thomas Hunt and Maria Hunt, who are husband and wife and are citizens of Pennsylvania, brought a damages action against Acromed on or about June 19, 1991, by filing a complaint in the common pleas court alleging that Thomas Hunt had been injured when a supporting screw used in a posterior spinal fusion performed on him fractured. Acromed allegedly manufactured, supplied and/or sold the screw and thus the Hunts asserted that it was liable to them on theories of negligence, strict liability and breach of warran-

* Honorable Dickinson R. Debevoise, United States District Judge for the District of New Jersey, sitting by designation.

ty. The complaint gave Acromed's address as being in care of a registered agent in Cleveland, Ohio. On June 28, 1991, Acromed filed a timely notice of removal in the district court pursuant to 28 U.S.C. § 1446(a) in which it recited that the Hunts are citizens of Pennsylvania and Acromed "is a corporation organized and existing under an[d] by virtue of the laws of the State of Ohio, with a principal place of business in Cleveland, Ohio at [3303 Carnegie Avenue]." Therefore, Acromed requested removal on the basis of diversity of citizenship under 28 U.S.C. § 1332.

On July 24, 1991, the district court entered an order remanding the case to the common pleas court because the notice of removal set forth Acromed's state of incorporation and where it has "*a* principal place of business." (emphasis added). The court regarded this notice as insufficient because, for purposes of diversity of citizenship under 28 U.S.C. § 1332(c)(1), a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has *its* principal place of business...." (emphasis added). In its order the district court cited *Kelly v. United States Steel Corp.*, 284 F.2d 850, 853 (3d Cir.1960); *Campbell v. Associated Press*, 223 F.Supp. 151, 153–54 (E.D.Pa. 1963); and *Kaufman v. General Ins. Co.*, 192 F.Supp. 238, 240–42 (S.D.Cal.1961), as supporting the distinction it drew between "a" and "its" principal place of business. Significantly, pursuant to 28 U.S.C. § 1447(c), the clerk of the district court sent a certified copy of the order of remand on July 24, 1991, to the Philadelphia prothonotary who serves as the clerk of the common pleas court.

On July 29, 1991, Acromed filed a motion in the district court seeking reconsideration of the order of July 24, 1991, and also filed an amended notice of removal asserting that Acromed had "its" principal place of business in Ohio. In an accompanying memorandum of law, Acromed acknowledged that the district court "properly" relied on *Campbell* and *Kelly* in remanding the matter and further conceded that Acromed erroneously set forth that it had "a" principal place of business in Cleveland. It asserted, however, that "its" principal place of business was in that city. In addition to acknowledging that the original notice of removal was defective, Acromed concedes that the amended notice of removal was not filed within the 30–day limit provided in 28 U.S.C. § 1446(b), as it contends in its brief on this appeal that the amended notice "was filed within five (5) days of the expiration of the 30–day statutory period set forth in [28 U.S.C. § 1446(b)] and ... should have been accepted on the basis of a *de minimis non curat lex exception*." [1]

On July 31, 1991, the district court signed an order denying the motion for reconsideration and reciting that the amended notice of removal was untimely. The order further set forth that the court "lacks subject matter jurisdiction."

On August 2, 1991, Acromed filed a motion seeking leave "to file an Amended Notice of Removal to correct the technically defective allegation set forth in its original Notice of Removal." In support of this application for relief, it relied on Fed. R.Civ.P. 15(a) which provides that leave to amend "shall be freely given when justice so requires," and 28 U.S.C. § 1653 which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." It also urged that the district court had diversity jurisdiction and that the "great weight of judicial authority favors the rule that amendments to removal petitions should be permitted to implement the spirit of the statute [2] where the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the Federal Court." [3] By order of September

---

1. Acromed does not advise us of the event which triggered the running of the 30–day period.

2. Apparently Acromed was referring to 28 U.S.C. § 1653.

3. In support of its position Acromed cited, *inter alia, Willingham v. Morgan,* 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969), but that case was in no way concerned with the problem at hand.

3, 1991, entered on September 4, 1991, the district court denied the motion in an order which again indicated that it lacked subject matter jurisdiction. Acromed has appealed from the order of September 4, 1991.

When we examined Acromed's brief and the record, it appeared to us that there might be a jurisdictional problem which Acromed had not addressed.[4] While the brief urged that the district court abused its discretion when it denied Acromed's motion to file an amended notice of removal, it ignored the circumstance that, as we previously indicated, on July 24, 1991, a certified copy of the order of remand was sent by the clerk of the district court to the Philadelphia prothonotary. The clerk's action implicated 28 U.S.C. § 1447(c) which provides that "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." We thus brought *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir.1984), to Acromed's attention and asked for comment on it in light of the court's conclusion in that case, which considered that section and concluded that "[t]he federal court is completely divested of jurisdiction once it mails a certified copy of the order to the clerk of the state court." (footnote omitted). In response, Acromed filed a jurisdictional statement which addressed the effect on its right to appeal of 28 U.S.C. § 1447(d), and which largely repeated the arguments in its brief.[5] Acromed did not cite *Browning*, however, or address the jurisdictional problem created by the clerk's physical act of mailing the certified copy of the order of remand to the prothonotary.

In fact, there is no answer to the jurisdictional problem identified in *Browning*, which holds:

It is axiomatic that remanding a case to state court terminates the jurisdiction of a federal bankruptcy or district court over that case. *United States v. Rice*, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946) (applying 28 U.S.C. § 71); *Robertson v. Ball*, 534 F.2d 63, 66 n. 5 (5th Cir.1976) ('[O]nce the federal district court considers the proper factors and decides to remand, the action should go forward in state court without the further delay of appeal, and without regard to whether the federal district court was correct or incorrect.'); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3739 (1976 & Supp.1983); *cf. E.D. Systems Corp. v. Southwestern Bell Telephone Co.*, 674 F.2d 453 (5th Cir.1982) (federal court lost jurisdiction as to claims it remanded to state court, but retained jurisdiction over proceedings excepted from the remand order). Even a federal court, persuaded that it has issued an erroneous remand order, cannot vacate the order once entered. *In re La Providencia Development Corp.*, 406 F.2d 251 (1st Cir.1969). The federal court is completely divested of jurisdiction once it mails a certified copy of the order to the clerk of the state court. *See* 28 U.S.C. § 1447(c); 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.169[2.–1], at 697 (2d ed. 1983); 14 C. Wright, A. Miller & E. Cooper, *supra*, § 3739, at 764–65; *see also Bucy v. Nevada Construction Co.*, 125 F.2d 213 (9th Cir.1942) (district court could review and set aside its own erroneous remand order before filing of certified copy of order in state court because remand order is not self-executing); Bankruptcy Rule 9027(e). '[O]nce a district court has decided to remand a case and has so notified the state court, the

---

4. Acromed correctly points out that the Hunts have not participated on this appeal. However, even if the district court did not determine that it lacked jurisdiction to grant the August 2, 1991, motion and had denied it on some other ground, we would reach the same result, as we would examine the district court's jurisdiction on our own initiative. *See, e.g., Pomper v. Thompson*, 836 F.2d 131, 132 (3d Cir.1987). Furthermore, we would not reverse a correctly

entered order simply because the appellee did not file a brief on the appeal.

5. We had also asked for comment on the effect on the jurisdictional issue of 28 U.S.C. § 1447(d) which provides that, with an immaterial exception, an order remanding a removed case to the state court is not reviewable on appeal or otherwise.

district judge is without power to take any further action.' *Federal Deposit Insurance Corp. v. Santiago Plaza,* 598 F.2d 634, 636 (1st Cir.1979).

743 F.2d at 1078 (omitting footnotes).

We are satisfied, that in view of 28 U.S.C. § 1447(c), Acromed was too late when it filed its motion to file an amended notice of removal on August 2, 1991, as the district court could not have had jurisdiction after July 24, 1991, when its clerk sent a certified copy of the order of remand to the prothonotary.[6] Thus, we have no occasion to address Acromed's arguments that it should have been allowed to amend its notice of removal.

We recognize that our opinion is exacting since the substantive statutory criteria for the exercise of removal jurisdiction appear to have been met in this case, but even if we were not obliged to reach our result, it would be entirely appropriate to do so. There is no question but that Acromed made the mistake which has caused the problem we have addressed.[7] While 28 U.S.C. § 1447(d) is not directly implicated in this case, the policy underlying that section surely is.[8] The purpose of section 1447(d) is to prevent delay in the trial of remanded cases by avoiding protracted litigation of jurisdictional issues of exactly the type involved here. *See Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 351, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976); *United States v. Rice,* 327 U.S. 742,

751–52, 66 S.Ct. 835, 839, 90 L.Ed. 982 (1946).

Furthermore, we see little difference in principle between appellate review of an order of remand under 28 U.S.C. § 1447(c), predicated upon a determination by the district court that it lacks subject matter jurisdiction, and a review of an order denying a motion to amend a defective notice of removal so that the district court will have jurisdiction. Inasmuch as we are barred from entertaining the first appeal, it is difficult to understand why we should be able to hear the second.[9] Moreover, if we exercised jurisdiction and considered this appeal on the merits we would, as a practical matter, create a large exception to the jurisdictional bar of 28 U.S.C. § 1447(d), as this ruling would effectively permit the appeal of some remand orders not otherwise appealable, under the guise of an appeal from the denial of a motion to amend the notice of removal. Therefore, even if the district court had jurisdiction to consider the motion to amend the notice of removal and denied it on the merits, it is doubtful that we could have had jurisdiction to hear an appeal from the denial of the motion.

The appeal will be dismissed.

---

**6.** It would be logical to conclude that even a timely motion under Fed.R.Civ.P. 59 to reconsider an order remanding would be barred by the mailing of a certified copy of the order of remand under 28 U.S.C. § 1447(c), but that issue is not before us as Acromed does not appeal from the denial of its motion for reconsideration and could hardly do so as it acknowledges that the original notice of removal was defective.

**7.** Acromed downplays the significance of the use of "a" rather than "its" in its notice of removal, by repeatedly characterizing the mistake as a "typographical error." But we see nothing in the record to suggest that a typist made the mistake and replaced the "a" with an "its." Thus, this case differs from *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 314, 108 S.Ct. 2405, 2407, 101 L.Ed.2d 285 (1988). To the contrary, we have no reason not to conclude

that it was an attorney who directed the use of the "a." In any event, our result is not dependent on a determination of who made the mistake. *See Seedman v. United States District Court,* 837 F.2d 413 (9th Cir.1988).

**8.** That section provides that an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

**9.** The remand in this case could not possibly have been subject to review under an exception to 28 U.S.C. § 1447(d). *See In re TMI Litigation Cases Consolidated II,* 940 F.2d 832, 840–48 (3d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1262, 117 L.Ed.2d 491 (1992); *Foster v. Chesapeake Ins. Co.,* 933 F.2d 1207, 1210–11 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991).