**CITY OF PHILADELPHIA, City of Philadelphia Law Department**

v.

**Steven FREMPONG, a/k/a Steven Frempong Atuahene and Agnes Manu, a/k/a Agnes Frempong Atuahene, Appellants.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 22, 2000.
Decided Nov. 13, 2000.

---

Steven and Agnes Srempong Athuahene, appellants, pro se.

Michael W. Perner, Philadelphia, for appellees.

Before SMITH, Judge, KELLEY, Judge, and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Steven Frempong, a/k/a Steven Frempong Atuahene and Agnes Manu, a/k/a Agnes Frempong Atuahene, (Appellants), proceeding *pro se,* appeal from the November 18, 1999 order of the Court of Common Pleas of Philadelphia County that issued a permanent injunction directing the removal of a commercial truck from a residential property. We affirm.

Appellants, owners of property located in the City of Philadelphia (City), were cited for violations of the zoning and planning code. Violation notices were served on Appellants indicating that the maintaining/storing of a commercial vehicle in a residential zoned area was prohibited. Appellants failed to remedy the violations and the City filed a complaint in equity to enforce compliance. The trial court issued a rule to show cause why the City's requested relief should not be granted. Instead of filing an answer to the complaint, Appellants filed a notice of removal to federal court. By order, dated July 2, 1999, the district court remanded the matter to the common pleas court, citing lack of subject matter jurisdiction. A certified copy of the remand order was received and entered on the docket by the prothonotary of the common pleas court on July 8, 1999. Appellants, however, appealed from the remand order, but failed to file a motion to stay the state court proceedings.[1]

On September 8, 1999, the City filed a praecipe to re-list the remanded matter for hearing and on September 13, 1999 notices were sent to the parties providing that a hearing was scheduled for November 9, 1999. On November 7, 1999, Appellants sent an *ex parte* letter to the trial judge advising the court that they would not attend the November 9th hearing because they believed that the common pleas court

---

1. The federal appeals court notified the parties by letter dated August 25, 1999, indicating a lack of subject matter jurisdiction. However, the appeals court allowed the sub-mission of briefs on the jurisdictional issue. On April 26, 2000, the federal appeals court affirmed the district court's order remanding the matter to state court.

did not have jurisdiction during the pendency of the federal appeal. Appellants also indicated they had a conflict with another scheduled hearing. The City received notice of this *ex parte* communication on November 8, 1999. Although the City did not consent to the continuance and the court did not order a continuance, Appellants did not appear at the November 9, 1999 hearing. Based on the City's photographs of the subject property but without requiring the City to present its three witnesses, the trial court issued the injunction, ordering Appellants to comply with the zoning code by removing the commercial truck.

In its opinion issued pursuant to Pa. R.A.P. 1925, the trial court explained that it relied on the common pleas court's docket entry that disclosed that the federal district court had remanded the matter to the state court. The trial court further described as meritless Appellants' arguments concerning his absence from the November 9th hearing. The court indicated that Appellants had notice on October 18, 1999, and that the record failed to substantiate their claim of a conflict.

█ Appellants now appeal to this Court,[2] arguing that (1) the common pleas court did not have jurisdiction to hear the matter because the federal appeal was pending and no certified order remanding the matter had been received by the prothonotary, and (2) Appellants' constitutional rights were violated.

Initially, we note that the City argues that Appellants have waived all issues on appeal because they failed to make timely objections at trial, citing Pa. R.A.P. 302(a)[3] and *Knarr v. Erie Insurance Exchange*, 555 Pa. 211, 723 A.2d 664 (1999).[4] Therefore, the City requests that Appellants' appeal be dismissed. Ordinarily, we would agree that this is the proper course. However, because Appellants have raised a jurisdictional issue, which can never be waived, we will address that sole issue.

Both parties cite *Hunt v. Acromed Corp.*, 961 F.2d 1079 (3rd Cir.1992), which explains that pursuant to 28 U.S.C. § 1447(c) the district court clerk must mail a certified copy of the order of remand to the clerk of the state court and that the state court may then proceed with the case. The *Hunt* case also states that the mailing of the district court's order remanding a case to state court terminates the jurisdiction of the district court over that case. The opinion also notes that according to 28 U.S.C. § 1447(d) an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." *Hunt*, 961 F.2d at 1082 n. 8.

█ The distinction between the parties' arguments rests on whether the district court's order is a certified order. Our review of the record reveals that the district court's order issued July 2, 1999 is in fact a certified order. Therefore, *Hunt* controls and the common pleas court correctly determined that it had jurisdiction to hear and decide the matter. Appellants' failure to attend the hearing and raise issues that could be heard on appeal is fatal to their claim.[5]

Accordingly, we affirm.

### ORDER

NOW, November 13, 2000, the order of the Court of Common Pleas of Philadel-

---

2. Our scope of review of a final decree in equity is limited and will not be disturbed unless it is not supported by the evidence or is demonstrably capricious. *Amerikohl Mining, Inc. v. Mount Pleasant Township*, 727 A.2d 1179 (Pa.Cmwlth.1999).

3. Pa. R.A.P. 302(a) states that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."

4. The City also contends that because Appellants failed to file a responsive pleading to the City's complaint, all averments in the complaint are to be deemed admitted pursuant to Pa. R.C.P. No. 1029(b).

5. The only issue that this Court could have addressed concerns whether the common pleas court abused its discretion in denying Appellants' request for a continuance. However, Appellants did not raise that issue in their appeal here. Therefore, it is waived.

phia County, dated November 18, 1999, is affirmed.

Judge COLINS did not participate in the decision in this case.