Richard **MELTZER**

v.

**CONTINENTAL INSURANCE CO.**

No. 01–CV–1532.

United States District Court,
E.D. Pennsylvania.

Sept. 10, 2001.

524

Jay L. Solnick, Lafayette Hill, PA, for plaintiff.

Eric A Fitzgerald, Charles Scott Rybny, Marshall, Dennekey, Warnec, Colemon & Goggin, PA, for defendant.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

Before me is plaintiff's motion to remand this action to the Court of Common Pleas of Philadelphia County. For the reasons stated below, I will grant the motion.

### BACKGROUND

Plaintiff Richard Meltzer is a resident of Pennsylvania. He was covered under an automobile insurance policy issued by defendant Continental Insurance Company. On or about February 28, 1997, Meltzer filed a claim under the policy for injuries he allegedly sustained in connection with the use of a motor vehicle on February 21, 1997. On February 14, 2001, Meltzer filed a complaint in the Court of Common Pleas of Philadelphia County. The complaint alleged that Continental refused to honor the policy and failed to provide him with wage loss and medical benefits payments arising out of this incident. It also alleged that Meltzer is an individual "residing at 120 Drakes Drum Drive, Bryn Mawr, Pennsylvania." (Cmplt.¶1).

Continental received the Complaint on February 27,. 2001 and timely filed a Notice of Removal on March 29, 2001. See 28 U.S.C. § 1446(a). In its Petition for Removal, Continental asserted that "there exists diversity of citizenship between the parties," and that "[p]laintiff seeks recovery under a contract of insurance which provides, on its face, policy limits in excess of $75,000 for medical benefits and work loss." (Notice of Removal ¶5). In alleging diversity, Continental stated that "Plaintiff resides in Bryn Mawr, Pa." (Notice of Removal ¶1). Continental also averred that:

> Defendant, Continental, is incorporated under the laws of New Hampshire and has *a* principal place of business in Chicago, Illinois.

(Notice of Removal ¶4) (emphasis added).

Following removal, Meltzer timely moved for a remand to the Court of Common Pleas, Philadelphia County. In the Motion for Remand, Meltzer claims that the Notice of Removal contains legally insufficient allegations of diverse citizenship.

(Petition to Remand ¶ 7). Continental responds:

> It is admitted that Defendant is incorporated under the laws of New Hampshire and has *its* principal place of business in Chicago, Illinois. Defendant denies plaintiff's implication that it has a principal place of business in more than one state.

(Response to Plaintiff's Motion to Remand ¶ 6) (emphasis added). Continental attached several exhibits to its legal memorandum in support of this response, but neither asked for permission to amend its Notice of Removal, nor submitted any letters or supporting material regarding its principal place of business.

## DISCUSSION

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where a corporation is one of the parties to the civil action, it "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has *its* principal place of business." Id. § 1332(c)(1) (emphasis added). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending...."

Continental's Notice of Removal stated that it was "incorporated under the laws of New Hampshire and has a principal place of business in Chicago, Illinois." Meltzer pointed out this flaw in Continental's pleading in both his Petition to Remand and his Reply to Defendant's Response to Petition to Remand. The extent of Continental's response was its statement that "[i]t is admitted that Defendant is incorporated under the laws of New Hampshire and has its principal place of business in Chicago, Illinois. Defendant denies Plaintiff's implication that it has a principal place of business in more than one state." (Response to Plaintiff's Motion to Remand ¶ 6). In addition, both the Complaint and the Notice of Removal contain allegations of Meltzer's residence, but fail to explicitly mention his citizenship. Plaintiff and Defendant disagree over the effect that these deviations from the statutory language of 28 U.S.C. § 1332 have upon the disposition of this case.

 In order to remove a case to federal court, a defendant must comply with the statutory requirements of 28 U.S.C. §§ 1441 and 1446. First, the district courts of the United States must have original jurisdiction, which requires either a federal question or diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331, 1332, 1441(a). Second, the defendant must file a notice of removal with the district court, containing "a short and plain statement of the grounds for removal," as well as "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Id. § 1446(a). Following the direction of the Supreme Court in *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), the Third Circuit has mandated a policy of "strict construction of the removal statutes." *Westmoreland Hospital Ass'n v. Blue Cross of Western Pennsylvania,* 605 F.2d 119, 123 (1979).

 In this case, defendant's notice of removal pled "a" principal place of business, instead of "its" principal place of business. *See* 28 U.S.C. § 1332. Continental dismisses the deviation as a "difference without distinction," contending that

it should not affect the validity of removal. The Third Circuit addressed the sufficiency of this specific defective allegation in *Hunt v. Acromed,* 961 F.2d 1079 (3d Cir. 1992). The Third Circuit instructed that the replacement of "its" with "a" renders the notice of removal "technically defective." *Hunt,* 961 F.2d at 1080, 1082 n. 7. The Third Circuit later revisited this same defective allegation and reiterated that replacing "its" with "a" fails to "properly plead diversity jurisdiction." *J & R Ice Cream Corp. v. California Smoothie Licensing Corp.,* 31 F.3d 1259, 1265 n. 3 (3d Cir.1994). Therefore, under established Third Circuit law, the Notice of Removal was legally deficient.

■ Meltzer also claims that the pleading of his residence in both the Complaint and the Notice of Removal is insufficient to meet the diversity requirement of 28 U.S.C. § 1332. The Supreme Court has held that where federal jurisdiction depends upon diversity of citizenship, "the whole record ... may be looked to, for the purpose of curing a defective averment of citizenship ... and if the requisite citizenship is anywhere expressly averred in the record, or facts are therein stated which, in legal intendment, constitute such allegation, that is sufficient." *Sun Printing & Publishing Ass'n v. Edwards,* 194 U.S. 377, 382, 24 S.Ct. 696, 48 L.Ed. 1027 (1904) (*citing Horne v. George H. Hammond Co.,* 155 U.S. 393, 15 S.Ct. 167, 39 L.Ed. 197 (1894)). However, the Third Circuit has held that "a naked averment that one is a 'domiciliary' or a 'resident' of a state is insufficient. The statute requires that the averment be that one is a 'citizen' of a state." *Tanzymore v. Bethlehem Steel Corp.,* 457 F.2d 1320, 1324 n. 5 (3d Cir. 1972); *see also Kerstetter v. Ohio Cas. Ins.*

*Co.,* 496 F.Supp. 1305, 1307 (E.D.Pa.1980) ("for the purpose of establishing diversity, residence is not synonymous with citizenship").

In this case, the Complaint and the Notice of Removal referred only to Meltzer's residency. There are no express statements of Meltzer's citizenship in the record, although there are several statements concerning his address. (*See* Memorandum in Support of Response to Plaintiff's Motion to Remand, Exhibits B–E). However, these statements are mere recitals of Meltzer's address and do not constitute a sufficient allegation of citizenship.

While the original Notice of Removal contained flawed jurisdictional allegations, an immediate remand to state court might have been avoided. Continental had various options once plaintiff pointed out the flaws in the Notice. For example, Continental might have cured the defects by filing an amended Notice of Removal. *See Hunt,* 961 F.2d at 1080. However, Continental failed to request an amendment and therefore missed an opportunity to argue that such an amendment should be permitted. Continental might also have filed supporting material with the court indicating that its principal place of business was in Chicago at the time the complaint was filed. *See J & R Ice Cream Corp.,* 31 F.3d at 1265 n. 3. Continental did not avail itself of this option either.[1]

■ In light of the applicable Third Circuit authority, the Notice of Removal fails to properly plead diversity jurisdiction. Continental was informed of the defects in its Notice of Removal and had several opportunities to cure it. As it failed to take advantage of these opportunities,

1. Instead, Continental chose to attack the Third Circuit's decision in *Hunt* as being "in error." Continental relied upon general language from a case in the Southern District of California in its Memorandum of Law in Support of Opposition to Motion to Remand.

Continental has waived its right to have this case heard in this Court.

Therefore, plaintiff's Motion to Remand (Docket Entry No. 3) is **GRANTED** and this case is remanded to the Court of Common Pleas of Philadelphia County. Jurisdiction is relinquished.