**State of NEW JERSEY**

v.

**James Brent THOMAS, Sr., Appellant.**

**No. 09–1447.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal for Lack of Appellate Jurisdiction or Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 July 30, 2009.

Opinion filed: Sept. 11, 2009.

Atty. Gen. NJ, Esq., Office of Attorney General of New Jersey, Trenton, NJ, for State of New Jersey.

James B. Thomas, Sr., Unalachtigo Band of the Nanticoke—Lenni Lenape Nation, Millville, NJ, for Appellant.

Before: MCKEE, FISHER and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

James B. Thomas, Sr., proceeding pro se, appeals from the District Court's order remanding his case to New Jersey state court for lack of subject matter jurisdiction. Because the appeal presents no substantial question, we will summarily affirm the District Court's order. *See* 3d Cir. LAR 27.4; I.O.P. 10.6.

Thomas filed a notice in the United States District Court for the District of New Jersey seeking to remove, pursuant to 28 U.S.C. § 1443 and several other statutes, criminal actions that were pending in Lawrence Township Municipal Court. In his "answer and verified cross-complaint" to the State of New Jersey's (the "State") criminal complaint, Thomas included several counterclaims alleging that the State and its employees violated his rights under 42 U.S.C. § 1983.

The District Court entered a memorandum and order granting Thomas's application for leave to proceed in forma pauperis, but, after concluding that § 1443 did not apply to Thomas's case, remanded it to the state court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). This appeal followed.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal" unless the case was removed pursuant to § 1443. 28 U.S.C. § 1447(d). Thus, to the extent that Thomas challenges the District Court's remand order with respect to any bases for removal other than § 1443, we will dismiss the appeal for lack of jurisdiction. *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir.1997). We have jurisdiction to review the remand order to the extent that Thomas asserts that removal was proper under § 1443. *Id.*

Section 1443 authorizes the removal of a state law action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). For this provision to apply, "a state court defendant must demonstrate both: (1) that he is being deprived of rights guaranteed by a federal law 'providing for ... equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis*, 107 F.3d at 1047 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 788, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966)). Under the first requirement, the defendant must allege a deprivation of rights guaranteed by a federal law "providing for specific civil rights stated in terms of racial equality." *Id.* (internal citations and quotations omitted). Under the second requirement, removal is available where the defendant's federal civil rights would "inevitably be denied by the very act of being brought to trial in state court." *Id.* at 1049 (internal citations and quotations omitted).

As the District Court determined, Thomas has not shown that § 1443 provides a basis for removal of the State's criminal prosecution.[1] Further, Thomas's counterclaims against the State also do not fall under the auspices of § 1443 as he did not assert the State's alleged deprivation of his rights was based upon his race. Moreover, he did not claim an inability to enforce his civil rights in state court.[2] Ac-

---

1. It is not clear whether the State is currently prosecuting Thomas on all of the charges that he references or if some of the prosecutions have been completed.

2. After the District Court issued the remand order, Thomas filed several additional motions, including one for leave to amend the notice of removal. The District Court denied the motions because it was "completely di-

vested of jurisdiction once it mail[ed] a certified copy of the [remand] order to the clerk of the state court." *Hunt v. Acromed Corp.*, 961 F.2d 1079, 1081 (3d Cir.1992). To demonstrate that his counterclaims fall under § 1443, Thomas now cites to the amended notice of removal, which refers to hate crimes that the State allegedly carried out and the State's alleged "policy of racial discrimination." Because the District Court denied

cordingly, the District Court correctly determined that § 1443 did not apply to Thomas's notice of removal and appropriately remanded the case for lack of subject matter jurisdiction.

For these reasons, we will summarily affirm the District Court's order entered on January 16, 2009. We deny all Thomas's remaining motions and requests for relief, including his motion for release pending review of a motion for writ of habeas corpus that he has apparently filed in the District Court, and his motion for expedited review.

Thomas's request to file an amended notice of removal, and because the amended notice of removal was thus never filed, we do not consider it now.