# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

|  |  |
|---|---|
| Richard Linton Crawford III, | : |
|  | : |
|  | : No. 1010 C.D. 2015 |
| Appellant | : Submitted: December 11, 2015 |
|  | : |
| v. | : |
|  | : |
| Commonwealth of Pennsylvania, | : |
| Department of Transportation, | : |
| Bureau of Driver Licensing | : |

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
                    HONORABLE P. KEVIN BROBSON, Judge
                    HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                                    FILED:  February 23, 2016

Richard Linton Crawford III appeals, *pro se*, from the May 5, 2015, order of the Court of Common Pleas of Allegheny County (trial court) dismissing Crawford's statutory appeal from the Department of Transportation, Bureau of Driver Licensing's (DOT) one-year suspension of his operating privilege.  DOT has also filed with this court a motion to dismiss Crawford's appeal, arguing that Crawford has waived all issues by failing to attend the *de novo* hearing.  We affirm the trial court's order and deny DOT's motion to dismiss.

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

On December 31, 2014, DOT notified Crawford that DOT was suspending his operating privilege for one year, effective February 4, 2015, pursuant to section 1547(b)(1)(i) of the Vehicle Code, 75 Pa. C.S. §1547(b)(1)(i), due to Crawford's refusal to submit to chemical testing following his arrest for driving under the influence of alcohol.

Crawford filed a statutory appeal of DOT's license suspension with the trial court, at which time the trial court scheduled a *de novo* hearing for May 5, 2015. Crawford failed to appear at the May 5, 2015, hearing,[2] but DOT appeared and presented evidence to satisfy its burden of proof. After admitting DOT's evidence, the trial court entered an order dismissing Crawford's appeal. Crawford now appeals to this court.[3]

On appeal, Crawford challenges the trial court's subject matter jurisdiction over his license suspension appeal.[4] Crawford admits that he failed to appear at the *de novo* hearing but asserts that lack of subject matter jurisdiction is a non-waivable issue. Although we agree with Crawford that the issue of subject matter jurisdiction cannot be waived, *see Blackwell v. State Ethics Commission*, 567

---

[2] Crawford offers no explanation for his failure to appear at the *de novo* hearing, only stating that his failure to appear was "inadvertent[]." (Crawford's Br. at 6.)

[3] Where, as here, the only issue presented in a license suspension appeal is a question of law, our scope of review is plenary. *See Finnegan v. Department of Transportation, Bureau of Driver Licensing*, 844 A.2d 645, 647-48 n.3 (Pa. Cmwlth. 2004).

[4] Crawford repeatedly asserts that the trial court lacked subject matter jurisdiction "for multiple reasons" without stating in any detail what those reasons are. (Crawford's Br. at 5, 7.)

A.2d 630, 636 (Pa. 1989),[5] we conclude that the trial court had subject matter jurisdiction over Crawford's appeal.

It is well settled that the courts of common pleas are vested with exclusive jurisdiction over appeals from license suspensions. *See Finnegan v. Department of Transportation, Bureau of Driver Licensing*, 844 A.2d 645, 649 (Pa. Cmwlth. 2004); *Ladd v. Department of Transportation, Bureau of Driver Licensing*, 753 A.2d 318, 320-21 (Pa. Cmwlth. 2000). Section 1550(a) of the Vehicle Code provides that "[a]ny person . . . whose operating privilege has been . . . suspended . . . by [DOT] shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 75 Pa. C.S. §1550(a). Section 933(a)(1)(ii) of the Judicial Code, in turn, provides that the courts of common pleas shall have jurisdiction over appeals from final orders issued by DOT pursuant to section 1550 of the Vehicle Code. 42 Pa. C.S. §933(a)(1)(ii). Therefore, the trial court had subject matter jurisdiction over Crawford's statutory appeal from his license suspension.[6]

Crawford also argues that DOT lacked authority to suspend his operating privilege because it has not promulgated implementing regulations that would permit DOT to enforce section 1547(b)(1)(i) of the Vehicle Code, 75 Pa. C.S.

---

[5] "Since an issue of subject matter jurisdiction is not waivable, it may be raised at any stage of a proceeding by a party, or *sua sponte* by the court or agency." *Blackwell*, 567 A.2d at 636; *see Robinson v. City of Philadelphia*, 706 A.2d 1295, 1297 (Pa. Cmwlth. 1998).

[6] Because Crawford properly raised a jurisdictional issue before this court, we deny DOT's motion to dismiss the appeal. *See City of Philadelphia v. Frempong*, 762 A.2d 395, 397 (Pa. Cmwlth. 2000).

§1547(b)(1)(i).  However, because Crawford failed to appear at the *de novo* hearing, he has waived all issues other than jurisdiction on appeal to this court.  *See City of Philadelphia v. Frempong*, 762 A.2d 395, 397 (Pa. Cmwlth. 2000) ("Appellants' failure to attend the hearing and raise issues that could be heard on appeal is fatal to their claim."); Pa. R.A.P. 302(a).

Accordingly, we affirm.[7]

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[7] *See Riddle v. Department of Transportation*, 583 A.2d 865, 868 (Pa. Cmwlth. 1990) (*en banc*) (affirming the trial court's order quashing the licensee's statutory appeal for his failure to appear at the *de novo* hearing).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Linton Crawford III, :
:
: No. 1010 C.D. 2015
Appellant :
:
v. :
:
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing :

# O R D E R

AND NOW, this 23rd day of February, 2016, we hereby affirm the May 5, 2015, order of the Court of Common Pleas of Allegheny County and deny the motion to dismiss filed by the Department of Transportation, Bureau of Driver Licensing.

_____
ROCHELLE S. FRIEDMAN, Senior Judge