IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia             :
                               :
        v.                 :
                               :
Broad and Olney Alliance, LP,  :   No. 49 C.D. 2019
          Appellant     :   Argued: June 12, 2020

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON      FILED: July 14, 2020

Broad and Olney Alliance, LP (B&O), appeals the December 4, 2018 order of the Court of Common Pleas of Philadelphia County (trial court) that imposed a statutory fine in favor of the City of Philadelphia (City) for B&O's failure to comply with the requirements of The Philadelphia Code of General Ordinances (Code) regarding a commercial parking operation at its property located at 5701 N. Broad Street, Philadelphia, Pennsylvania (Property). Upon review, we affirm.

The Property is a shopping center owned by B&O and occupied by commercial tenants. *See* Defendant Broad and Olney Alliance, LP's Answer to Plaintiff City of Philadelphia's Complaint in a Civil Action in Equity dated May 31, 2018 (Answer) at 1, ¶ 3, Reproduced Record (R.R.) at 30a. On November 17, 2017, the City's Department of Licenses and Inspections (L&I) issued an Initial Notice of Violation and Order that indicated that L&I inspected the Property on November 15,

2017, and discovered Code violations pertaining to a commercial parking operation being conducted at the rear of the Property for which B&O did not have a proper use registration permit, a certificate of occupancy, or required licenses. *See* Initial Notice of Violation and Order, Case No. 612379, dated November 17, 2017 (Violation Notice) at 1-2, R.R. at 20a-21a. The Violation Notice explained that B&O must obtain proper zoning approval to conduct commercial parking operations on the Property. *Id.* The Violation Notice further explained that a failure to correct the listed violations would result in, among other penalties, the imposition of fines ranging from $150 to $2,000 for each day that the violation remained uncorrected. *See* Violation Notice at 2, R.R. at 21a. The Violation Notice indicated that an appeal of the violations must be taken within 30 days; however, B&O did not appeal from the Violation Notice. *See id.*

On December 22, 2017, L&I issued a final warning that indicated that L&I had re-inspected the Property on December 20, 2017, and found that B&O had not corrected the violations listed in the Violation Notice. *See* L&I Final Warning, Case No. 612379, dated December 22, 2017 (Final Warning) at 1-2, R.R. at 22a-23a. The Final Warning again noted the possible fees and penalties B&O faced for noncompliance, including the imposition of daily fines ranging from $150 to $2,000. *See* Final Warning at 2, R.R. at 23a. On April 4, 2018, the City filed its Complaint in a Civil Action in Equity (Complaint) against B&O. *See* Complaint, R.R. at 1a-28a. On May 31, 2018, B&O filed both its Answer to the Complaint and a zoning application to attempt to secure the required permits to operate a parking operation on the Property. *See* Answer at 2, R.R. 31a.

The trial court conducted a hearing on June 21, 2018, at which the City presented the testimony of its inspector as well as photographs that evidenced that

2

B&O was using the Property as a commercial parking lot. *See* Order to Comply Violations [sic] dated June 21, 2018 (June 21, 2018 Order), R.R. at 40a-42a; *see also* Supplemental Reproduced Record of Appellee City of Philadelphia at 1b-3b.[1] B&O did not appear for this hearing. B&O's Amended Brief at 4. After the hearing, the trial court issued the June 21, 2018 Order that recognized that B&O had neither appealed nor remedied the violations of which L&I had noticed B&O. *See* June 21, 2018 Order at 1-2; R.R. 40a-41a. The June 21, 2018 Order instructed B&O to complete the process for seeking a use registration permit and to make an application for a certificate of occupancy. *See* June 21, 2018 Order at 2; R.R. 41a.

The June 21, 2018 Order also imposed an absolute fine in the amount of $26,850 to be paid within 60 days of the date of the Order, which represented a cumulative fine of $150 per day for each of the 179 days between the issuance of the Violation Notice and the June 21, 2018 hearing. *See* June 21, 2018 Order at 2; R.R. 41a. If the fine was not paid in 60 days, a judgment in the amount of the fine would be entered in favor of the City of Philadelphia and against B&O upon praecipe of the City. *Id*. The June 21, 2018 Order further scheduled another hearing for August 30, 2018 for the purpose of determining additional sanctions for any noncompliance with the Order. *See* Notes of Testimony dated August 30, 2018 (N.T. 8/30/2018). At the August 30, 2018 hearing, the parties presented, and the trial court signed, an order acknowledging that B&O had applied to the City's Zoning Board of Adjustment (Zoning Board) for a variance to obtain a use registration permit to operate the Property as a commercial parking lot. *See* Trial Court Order dated August 30, 2018 (August 30, 2018 Order) at 1, R.R. at 43a. The trial court instructed

---

[1] Due to complications surrounding the termination of the court reporter who transcribed the hearing, the record does not include a transcript for the June 21, 2018 hearing.

3

B&O to attempt to expedite the zoning application and, in the event the Zoning Board granted the requested variance, to apply for a certificate of occupancy within 10 days of receiving the variance. *See* August 30, 2018 Order at 1, R.R. at 43a. If the Zoning Board denied the variance request, the trial court instructed B&O to immediately either appeal the determination or cease parking operations at the Property. *See* August 30, 2018 Order at 1-2, R.R. at 43a-44a. The trial court additionally continued the matter 90 days, to December 4, 2018, to allow completion of the zoning process. *See* August 30, 2018 Order at 2, R.R. at 44a; N.T. 8/30/2018 at 4.

The trial court held a final hearing on the matter on December 4, 2018. *See* Notes of Testimony dated December 4, 2018 (N.T. 12/4/2018). After counsel for B&O conceded that Code violations had occurred with respect to the use of the Property as a parking lot, the trial court issued the Final Order, which again directed the payment of the previously-ordered $26,850 absolute fine. *See* N.T. 12/4/2018 at 6-8; Trial Court Final Order dated December 4, 2018 (Final Order) at 1-3 (pagination supplied), R.R. at 45a-47a. B&O timely appealed to this Court on January 6, 2019.[2] *See* Notice of Appeal, R.R. at 48a-59a.

B&O raises two claims on appeal.[3] First, B&O claims that the trial court erred by hearing evidence and ordering the payment of a fine at the June 21,

_____

[2] While B&O technically filed the Notice of Appeal 33 days after December 4, 2018, the date the trial court entered the Final Order, the Final Order was not docketed in the trial court until December 6, 2018, which accordingly was the date when the Final Order became appealable. *See* Pa.R.A.P. 301. Thirty days after December 6, 2018, was January 5, 2019, a Sunday. Therefore, B&O had until the following business day, Monday, January 6, 2019, to timely file its Notice of Appeal in this matter.

[3] Our review of this appeal is limited to examining whether the trial court abused its discretion or committed an error of law. *Lower Southampton Township v. Dixon*, 756 A.2d 147, 150 n. 7 (Pa. Cmwlth. 2000). Further, "[w]hether a fine is excessive under our Constitution is a

4

2018 hearing, at which B&O did not appear. *See* B&O's Amended Brief at 3-4 & 8-12. Second, B&O claims the trial court erred and abused its discretion by imposing a fine of $26,850, which B&O claims violates the United States and Pennsylvania Constitutions and is excessive and punitive in nature. *See* B&O's Amended Brief at 4 & 12-15.

Before addressing B&O's claims on appeal, we must first consider the City's contention that B&O waived all issues by failing to raise them at any preceding hearings conducted in the trial court. *See* City's Brief at 11-13.

"It is well established that in order to preserve an issue for appeal, a litigant must make a timely, specific objection at trial and must raise the issue on post-trial motions." *Mun. Auth. of Borough of Midland v. Ohioville Borough Mun. Auth.*, 108 A.3d 132, 136-37 (Pa. Cmwlth. 2015) (emphasis, internal brackets and quotations marks omitted). "Issues not preserved for appellate review cannot be considered by this Court, even if the alleged error involves a basic or fundamental error." *Id.* (internal quotation marks omitted). Additionally, a litigant's failure to appear at a hearing may result in a waiver of all arguments for appeal. *See City of Phila. v. Frempong*, 762 A.2d 395, 397 (Pa. Cmwlth. 2000) (permanent injunction issued after appellants failed to attend the hearing, which injunction this Court affirmed on appeal, stating that "[a]ppellants' failure to attend the hearing and raise issues that could be heard on appeal is fatal to their claim."). Specifically, our Supreme Court ruled an excessive fines challenge waived where the litigant failed to raise the issue before an administrative tribunal. *See HIKO Energy, LLC v. Pa. Pub. Util. Comm'n*, 209 A.3d 246 (Pa. 2019). Likewise, this Court has previously

---

question of law, therefore our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1279 (Pa. 2014).

found waiver of excessive fine allegations where such allegations were not raised before the trial court. *See City of Philadelphia v. DY Properties, LLC*, 223 A.3d 717 (Pa. Cmwlth. 2019); *see also Commonwealth v. Dennis* (Pa. Cmwlth., No. 1873 C.D. 2013, filed Oct. 9, 2014);[4] *In re: 1448 W. Loudon St.* (Pa. Cmwlth., No. 201 C.D. 2012, filed Aug. 19, 2013); *Commonwealth v. 928 W. Lindley Ave., Phila., Pa.* (Pa. Cmwlth., No. 766 C.D. 2012, filed May 2, 2013). Additionally, where an issue that could have been raised earlier is raised for the first time in a reconsideration request, the issue is not preserved for appellate review. *See DY Properties*, 223 A.3d at 722-23.

In the instant action, B&O did not appear at the June 21, 2018 trial court hearing. Had it done so, it could have opposed the City's requested fines as excessive. "Issues not raised at the earliest possible time during a proceeding are waived." *Grever v. Unemployment Comp. Bd. of Review*, 989 A.2d 400, 402 (Pa. Cmwlth. 2010), *superseded on other grounds by* Pa.R.A.P. 1513(d), *as recognized in Morgan v. Unemployment Comp. Bd. of Review*, 108 A.3d 181 (Pa. Cmwlth. 2015). Because B&O failed to appear at the hearing and challenge the City's requested fine as excessive,[5] B&O did not raise the issue "at the earliest possible

---

[4] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

[5] During oral argument, counsel for the City acknowledged that the parties had discussed a continuance of the June 21, 2018 hearing, and ultimately agreed that counsel for both parties would appear for the hearing, during which counsel for B&O would consent to service and counsel for the City would not oppose a continuance request. B&O therefore argues that counsel's failure to appear for the hearing must be viewed as inadvertent because no transcript exists of the June 21, 2018 hearing, and, therefore, there is no record of whether the City's counsel discussed with the trial court this alleged conversation between her and B&O's counsel regarding continuing the hearing. B&O's Amended Brief at 9-10. However, the record is devoid of any evidence regarding these discussions and any purported agreement reached by counsel, thereby precluding this Court

6

time during [the] proceeding[.]" *Id.* Further, B&O failed to raise the claim at the August 30, 2018 hearing, the December 4, 2018 hearing, or in any filing between the imposition of the June 21, 2018 Order and the Final Order. Accordingly, because B&O raised the issue for the first time in this appeal,[6] it was not preserved for appellate review, and this Court may not now address the claim.

from addressing B&O's argument in this regard. "This Court, when reviewing matters in its appellate capacity, is bound by the facts certified in the record on appeal." *Cambria Cty. Mental Health/Mental Retardation v. Pa. State Civil Serv. Comm'n (Cotton)*, 756 A.2d 103, 106 n.6 (Pa. Cmwlth. 2000).

Moreover, the case docket included in the record **does** indicate, however, that the trial court noticed B&O of the June 21, 2018 hearing on June 5, 2018, when the trial court continued a previously scheduled Rule to Show Cause hearing. *See* Docket at 3; R.R. at 100a. Therefore, if counsel failed to appear at the June 21, 2018 hearing after receiving notice, and thus was not present to lodge a timely and specific objection to the imposed fine, then the issue has not been properly preserved for appeal. *See City of Philadelphia v. DY Properties, LLC*, 223 A.3d 717, 722 (Pa. Cmwlth. 2019).

Further, even if the record did contain evidence that B&O's counsel failed to attend the June 21, 2018 hearing based on a conversation with the City's counsel, B&O *still* failed to raise any objection to the fine imposed by the June 21, 2018 Order at any time in the almost six months prior to the imposition of the Final Order, either through a court filing or at another hearing. Therefore, regardless of the alleged circumstances under which B&O's counsel failed to attend the June 21, 2018 hearing, B&O waived its arguments by not raising them until the instant appeal. *DY Properties*, 223 A.3d at 722.

Additionally, that B&O changed counsel during the intervening time period does not alter our assessment. B&O's replacement counsel entered an appearance in October of 2018, over a month before the December 4, 2018 hearing that resulted in the issuance of the Final Order. *See* Docket at 5, R.R. at 102a. B&O filed no objection to the fine, no motion for reconsideration, nor made any attempt to otherwise raise the issue with the trial court during that time period.

[6] We note that B&O also raised the excessive fine argument in a Motion for Reconsideration filed in the trial court on January 8, 2019, 35 days after the Final Order, and 2 days after B&O had appealed to this Court. *See* Philadelphia County Court of Common Pleas Civil Docket No. 180400476 (Docket) at 6, R.R. at 103a. Therefore, in addition to the Motion for Reconsideration being untimely, the trial court had been divested of jurisdiction by B&O's filing of its appeal to this Court two days prior. *See* 42 Pa.C.S. § 5505. However, even had B&O timely filed the Motion for Reconsideration prior to the filing of the appeal, raising the excessive fine argument in the Motion for Reconsideration would not have sufficed to properly preserve the excessive fine issue for appeal. *See DY Properties*, 223 A.3d at 722-23.

Moreover, even if B&O had not waived the excessive fine argument, this Court would find that the fine was constitutional. The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed . . . ." U.S. Const. amend. VIII. The Pennsylvania Constitution similarly provides: "Excessive bail shall not be required, nor excessive fines imposed . . . ." Pa. Const. art. I, § 13. Fines are considered excessive when they are "grossly disproportional to the gravity of a defendant's offense." *U.S. v. Bajakajian*, 524 U.S. 321, 334 (1998). As our Supreme Court has explained:

> The primary purpose of a fine or a penalty is twofold: to punish violators and to deter future or continued violations. Since it serves not only as a punishment but also as a deterrent, the amount of the fine can be raised to whatever sum is necessary to discourage future or continued violations, subject, of course, to any restriction imposed on the amount of the fine by the enabling statute or the Constitution.

*Commonwealth v. Eisenberg*, 98 A.3d 1268, 1283 (Pa. 2014) (quoting *Commonwealth v. Church*, 522 A.2d 30, 34 (Pa. 1987)) (brackets omitted). Thus, a fine must be "reasonably proportionate to the crimes which occasion them." *Eisenberg*, 98 A.3d at 1287. However, "[our Supreme Court] and [this] Court have rejected the notion that there must be strict proportionality between the harm resulting from the offense and the penalty imposed." *Id.* at 1281.

Our Supreme Court has found that a one-time $75,000 fine imposed for a misdemeanor theft of $200 was constitutionally excessive. *See Eisenberg*, 98 A.3d at 1287. However, the Supreme Court has distinguished cumulative fines that result in large aggregate fines and has found a large aggregate fine based on a per pound sliding scale for overweight vehicles not to be excessive. *See Eisenberg*, 98 A.3d at

8

1287 n.24; *see also Church*. Likewise, this Court has found – and the Supreme Court has approved – that an aggregate fine in excess of $150,000 based on a $100-$500 per dog/per day penalty scheme and an approximate $100,000 aggregate fine based on a $10 per fish calculation not to be excessive. *See Eckhart v. Dep't of Agric.*, 8 A.3d 401 (Pa. Cmwlth. 2010); *Commonwealth v. CSX Transp., Inc.*, 653 A.2d 1327 (Pa. Cmwlth. 1995). Regarding Code violations specifically, this Court recently noted that it would not view as excessive even a $243,200 aggregate fine based on repeated daily violations of the City's building codes. *See DY Properties*, 223 A.3d at 723 n.12.

Here, the $26,850 fine imposed by the trial court represented an aggregation of daily fines for repeated violations of the Code. The violations pertained to non-permitted commercial parking operations for which B&O collected fees over the course of 179 days, despite the City's demands to cease the operation. Thus, the significant aggregate fine was constitutional as being the result of an accumulation of multiple daily fines arising solely from B&O's repeated and ongoing violations of the Code. *See Eisenberg*, *DY Properties*, *Eckhart*, *CSX Transportation*.

To the extent B&O claims the trial court abused its discretion in imposing the $26,850 absolute fine, *see* B&O's Amended Brief at 12-15, this argument also could have been raised after the trial court entered the June 21, 2018 Order, but was not raised until the instant appeal. Thus, it is waived. However, even if not waived, this argument also lacks merit.

"An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of

9

partiality, prejudice, bias or ill-will." *Belleville v. David Cutler Grp., Inc.* (Pa. Cmwlth., No. 1020 C.D. 2017, filed June 28, 2019) (quoting *Commonwealth v. Smith,* 673 A.2d 893, 895 (Pa. 1996)); *see also City of Philadelphia v. Shih Tai Pien,* 224 A.3d 71, 80 (Pa. Cmwlth. 2019) ("[Abuse of discretion] is a high standard, which requires that [this Court] abide by a trial court's decision absent bad faith, fraud, capricious action or abuse of power.").

Section A-601 of the Code specifies the penalties for Code violations. The Code provides basic fines for Code violations ranging between $150 and $300 per offense. Phila., Pa., Code § A-601.1. Section 601.3 of the Code describes violations constituting Class III offenses, and mandates that such violations "shall be subject to the maximum fine set forth in subsection 1-109(3) of [t]he [] Code." Phila., Pa., Code § A-601.3. Section 109(3) provides for a maximum fine of $2,000 for each Class III offense committed on or after January 1, 2009. Phila., Pa., Code § 1-109(3)(e). Section A-601.4 of the Code further provides that "[e]ach day that a violation continues after issuance of a notice or order shall be deemed a separate offense." Phila., Pa., Code § A-601.4.

Here, the evidence before the trial court established that B&O committed repeated Class III violations of the Code. *See* June 21, 2018 Order at 1-2, ¶¶ 1-6. Importantly, B&O admitted the charged violations by failing to appeal the Violation Notice. *See* June 21, 2018 Order at 1, ¶ 3; Final Order at 1, ¶ 3. Further, counsel for B&O conceded in open court that the violations occurred. *See* N.T. 12/4/2018 at 8. Thus, it is undisputed that B&O violated the Code. Moreover, the trial court imposed a fine in accordance with the aforementioned Code sections. While considerable, the fine was the direct result of B&O's admitted, continued Code violations. This Court discerns no abuse of discretion on the part of the trial

10

court in imposing the $26,850 aggregate fine for 179 days of Class III Code violations.[7]

For the above reasons, the Final Order is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[7] We observe that, had the trial court imposed the $2,000 daily fine permitted by the Code for Class III violations, B&O could have faced a fine of $358,000. *See* Phila., Pa., Code § 1-109(3)(e). We further note that the $150 per day fine that the trial court instead imposed was the absolute smallest fine permissible under the Code for 179 days of violations. *See* Phila., Pa., Code §§ A-601.1 & A-601.4.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | |
| | : | |
| Broad and Olney Alliance, LP, | : | No. 49 C.D. 2019 |
| Appellant | : | |

O R D E R

AND NOW, this 14th day of July, 2020, the December 4, 2018 order of the Court of Common Pleas of Philadelphia County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge