# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

L&K Auto Group LLC,             :
           Appellant       :
                             :   No. 1172 C.D. 2023
          v.                 :
                             :   Submitted: June 3, 2025
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Motor Vehicles         :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE STACY WALLACE, Judge

## <u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                    **FILED: July 10, 2025**

L&K Auto Group LLC (L&K) appeals from the order entered by the Court of Common Pleas of Lehigh County (trial court), which suspended its certificate as an official safety inspection station. On appeal, L&K contends that the trial court did not hold a hearing before revoking its certificate. We affirm.

## I. BACKGROUND

In May 2023, the Department of Transportation, Bureau of Motor Vehicles (PennDOT), suspended L&K's certificate for, *inter alia*, fraudulent record keeping. L&K timely appealed to the trial court, which scheduled a hearing for August 28, 2023. Shortly before that date, L&K requested a continuance, which the trial court granted, and the court rescheduled the hearing to September 18, 2023. Order, 8/24/23.

On September 18, 2023, only PennDOT was present. Notes of Testimony (N.T.), 9/18/23.[1] The trial court swore in PennDOT's witnesses and asked PennDOT's counsel for a proffer. Counsel detailed that PennDOT audited L&K and discovered fraudulent inspections and improper record keeping. Counsel elaborated on the events that resulted in PennDOT's suspension. The court asked PennDOT's witnesses if everything stated by counsel was accurate. The witnesses agreed with counsel's representations, and the court then admitted, without objection, PennDOT's "certified record and copies of the various documents." *Id.* at 4, 8-9. The court denied L&K's appeal and did not invite L&K to file a post-trial motion.[2] Subsequently, Attorney Sopin timely appealed on behalf of L&K and filed a court-ordered Pa.R.A.P. 1925(b) statement and supplemental statement.

## II. ISSUES

L&K raises several issues, which we have combined and reordered to facilitate disposition. First, L&K claims the trial court erred by finding it waived all issues because L&K did not raise and preserve them at the hearing. L&K's Br. at 19-20. Next, L&K contends that the trial court's hearing was illusory and violated its right to procedural due process. *Id.* at 8-9. Finally, L&K challenges the sufficiency of evidence. *Id.* at 4.

## III. DISCUSSION

In support, L&K apparently argues that, although it failed to appear at the hearing, it still preserved its issues for appellate review. *Id.* at 20. L&K notes that it is not objecting to any of the testimony or admitted evidence. *Id.* However,

---

[1] The transcript states that Craig Sopin, Esq., appeared for L&K. N.T. at 1. The transcript is incorrect. *See id.* at 3 (wherein the trial court observed that no one "representing or from L&K Auto Group LLC" had appeared). Attorney Sopin only began representing L&K for the appeal. L&K's Br. at 5-6.

[2] *See In re Am. Network Ins. Co.*, 284 A.3d 153, 160 n.10 (Pa. 2022) (suggesting a trial court may invite an aggrieved party to file a post-trial motion in a statutory appeal).

L&K maintains that PennDOT failed its burden of proof. *Id.* PennDOT counters that L&K waived all issues by failing to preserve them before the trial court. PennDOT's Br. at 11.

Pa.R.A.P. 302 states that issues "not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302; *Boofer v. Lotz*, 842 A.2d 333, 334 (Pa. 2004) (*per curiam* order) (holding the "Commonwealth Court erred in granting appellee relief upon a claim neither preserved below nor raised on appeal"). "Failure to appear at a hearing may result in a waiver of all arguments for appeal." *City of Phila. v. DY Props., LLC*, 223 A.3d 717, 722 (Pa. Cmwlth. 2019) (*DY*) (citing *City of Phila. v. Frempong*, 762 A.2d 395, 397 (Pa. Cmwlth. 2000), for the proposition that the appellants' "failure to attend the hearing and raise issues that could be heard on appeal is fatal to their claim"); *see also Tri-State Scientific v. Unemployment Comp. Bd. of Rev.*, 589 A.2d 305, 307 (Pa. Cmwlth. 1991) (noting that a "party who failed to attend the scheduled hearing has failed to take the necessary steps to protect its own interests" (citation modified)).

In *DY*, the property owner had disregarded several local agency orders restricting use of the property. *DY*, 223 A.3d at 719-20. Philadelphia sued the owner, seeking to direct the owner to comply with those orders and requesting fines. *Id.* at 720. The owner did not appear at the hearing; Philadelphia presented its case; and the court granted relief to Philadelphia. *Id.* at 720-21. The owner appealed to this Court, arguing the fines were excessive. *Id.* at 723. The *DY* Court held that because the owner did not appear at the hearing, it waived its argument. *Id.*

Similar to the *DY* owner, L&K failed to appear at the hearing, which we add was prompted by L&K. *Cf. id.* at 722. Because L&K failed to appear at the hearing, it failed to raise and preserve all of its arguments, including any challenges

3

to PennDOT's evidence. *See* Pa.R.A.P. 302; *Dilliplaine v. Lehigh Valley Tr. Co.*, 322 A.2d 114, 116-17 (Pa. 1974) (plurality) (explaining that appellate courts should "not be required to expend time and energy reviewing points on which no trial ruling has been made").

## IV. CONCLUSION

L&K's failure to appear at the hearing is dispositive. It has waived all issues for appellate review. Accordingly, we affirm.

**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| L&K Auto Group LLC, | : | |
| Appellant | : | |
| | : | No. 1172 C.D. 2023 |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Motor Vehicles | : | |

## **O R D E R**

AND NOW, this 10th day of July, 2025, we AFFIRM the order entered by the Court of Common Pleas of Lehigh County.

_____
**LORI A. DUMAS, Judge**